## HULDA GEORGIE v. CITY OF ROCKVILLE

SUPERIOR COURT      TOLLAND COUNTY      FILE No. 5448

Memorandum filed January 15, 1949

*Harry H. Lugg,* of Rockville, for the Plaintiff.

*Pelgrift, Dodd, Blumenfeld & Nair,* of Hartford, and *Robert J. Pigeon,* of Rockville, for the Defendant.

KING, J. This is an action under § 1420 of the General Statutes (Rev. 1949, § 2126) claiming damages against the defendant city of Rockville for injuries sustained in a fall on a sidewalk on February 6, 1948.

Paragraph 9 of the complaint alleges that "On February 7th, 1948, the Plaintiff gave the Clerk of said City written notice of said injury and a general description of the same and the cause thereof and the time and place of its occurrence of which Exhibit A attached hereto is a copy."

Exhibit A is addressed to:—

"Common Council, City of Rockville
Rockville, Connecticut

Gentlemen:"

The defendant has demurred to the complaint because the "notice attached to the complaint and marked 'Exhibit A' is defective in that (1) it is addressed to, and (2) was given to, the Common Council of the City."

For convenience the two grounds of demurrer will be considered in inverse order.

It is settled law that the giving of the notice required by the foregoing statute is a prerequisite to a good cause of action. *Hoyle* v. *Putnam*, 46 Conn. 56, 61. In the case of a city the statute requires the notice to be given to the city clerk. Here it is alleged in paragraph 9 that this was done. Insofar as the demurrer asserts that the notice "was given to the Common Council" it is a "speaking demurrer" since there is nothing in exhibit A (or in the entire complaint) alleging or indicating any such thing. It follows that the demurrer is fatally defective. *Ryan* v. *Knights of Columbus*, 82 Conn. 91, 92; 41 Am. Jur. 440, § 209.

The other ground of demurrer asserts that the notice is defective because "it is addressed to the Common Council." There is nothing in the statute stating to whom the notice should be addressed. Indeed, there is nothing requiring any address at all. The address of the notice is unimportant provided that the information required by the statute is contained in the notice, and that the notice is given to the designated official. *Marino* v. *East Haven*, 120 Conn. 577, 579. It follows that this ground of demurrer is inefficatious and cannot be sustained.

For the foregoing reasons the demurrer must be, and is, overruled on both grounds.