SANDRA SHAPIRO *v.* CITY OF HARTFORD (2602)

DUPONT, C.P.J., SPALLONE and L. DORSEY, Js.

Argued March 29—decision released June 25, 1985

*Ronald E. Cassidento,* for the appellant (plaintiff).

*Christine E. Keller,* assistant corporation counsel, with whom, on the brief, were *James J. Szerejko,* assistant corporation counsel, and *Richard H. Goldstein,* corporation counsel, for the appellee (defendant).

L. DORSEY, J. This appeal arose from an action to recover damages for personal injuries arising out of an alleged defective condition on a public highway. The trial court granted the defendant's motion for a directed verdict and denied the plaintiff's motion to set aside the directed verdict. The plaintiff has appealed, claiming error in the court's rulings on those motions.

It is agreed that the underlying notice given in this case, pursuant to General Statutes § 13a-149, was sufficient in all respects, save one. The actual date of the accident was June 9, 1979, but the statutory notice erroneously stated the date as June 16, 1979. The complaint correctly stated the date.

Although the defendant, by a motion to revise, dated June 11, 1980, requested a clarification of the discrepancy between the date of the accident as stated in the notice and that alleged in the complaint, it never filed either a motion to strike or a motion to dismiss.

The matter was tried to a jury and, upon the close of the plaintiff's case and in response to the defendant's motion, the court directed a defendant's verdict, reasoning that the notice was a condition precedent to the right of the plaintiff to maintain her action, that

the particular date of the accident was essential to her cause of action, and that the savings clause of § 13a-149, having not been pleaded, was not applicable.[1]

This is a statutory action pursuant to § 13a-149 of the General Statutes, not available to the plaintiff under the common law. Compliance with this statute is a condition precedent to the action itself. *Hillier* v. *East Hartford*, 167 Conn. 100, 104, 355 A.2d 1 (1974). In order to recover against a municipality pursuant to this statute, a plaintiff must prove, by a fair preponderance of the evidence, (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence. *Lukas* v. *New Haven*, 184 Conn. 205, 207, 439 A.2d 949 (1981).

Unless a complaint issues within ninety days of the occurrence giving rise to the action, a party must serve written notice concerning the incident upon the municipality within that period to preserve the cause of action. The statute requires that the notice contain a general description of the injury, and of the cause thereof and of the time and place of its occurrence.

Whether a notice was intended to be or was misleading are questions of fact and are therefore to be deter-

---

[1] General Statutes § 13a-149 provides in pertinent part: "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

mined by the jury and not by the court. *Sizer* v. *Waterbury,* 113 Conn. 145, 155, 154 A. 639 (1931); see also *Christion* v. *Waterbury,* 123 Conn. 152, 193 A. 602 (1937).

The notice, having appeared as an attachment to the complaint, was sufficiently pleaded to allow the plaintiff, not only to prove its validity, but also to prove that the apparent inaccuracy as to the date was not intended to mislead or that the town was, in fact, not misled.

In this case, the plaintiff conceded at oral argument in this court that no evidence was introduced during the trial to prove the elements of the savings clause of General Statutes § 13a-149. Since no evidence was introduced, there was no question of fact for the jury to decide. In the absence of such evidence, the jury could not conclude that there was or was not an intention to mislead, or that the defendant was or was not in fact misled by the inaccuracy of the time of the accident as alleged in the notice. It was, therefore, proper for the trial court to direct a verdict for the defendant.

This court, therefore, concurs with the result reached by the trial court, and affirms the judgment on related but different grounds. *W. J. Megin, Inc.* v. *State,* 181 Conn. 47, 54, 434 A.2d 306 (1980); *State* v. *Assuntino,* 180 Conn. 345, 352–53, 429 A.2d 900 (1980).

There is no error.

In this opinion the other judges concurred.