[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves the statutory notice of injury required by C.G.S. 13a-149 and whether its address to an improper party causes it to be fatally defective thereby warranting a dismissal of the action.[1] While addressed to the Town Clerk, clearly someone distinct and separate from the City Clerk (See Norwalk City Charter, 1-233 and 1-166), the notice dated July 18, 1985 was received four days later by Beryl Fernchild, the Assistant City Clerk to whom the notice should have been sent. Obviously the powers that be at City Hall knew the difference, knew where the notice belonged and that the purpose of the notice — to permit a proper investigation to be made of the circumstances surrounding the claim — would be best accomplished in Ms. CT Page 3460 Fernchild's hands.
The defendant maintains that because the notice was filed with an improper party, strict compliance with C.G.S. 13a-149
requires that the action be dismissed. It argues that compliance with the statute is compulsory and indeed a condition precedent to the right of a person injured by a defective road or bridge to bring suit against a municipality. In support of its claim, that this notice provision, both penal in nature and in derogation of the common law, requires strict compliance, the defendant cites to Nicholaus v. Bridgeport, 117 Conn. 398
(1933). The Court therein addressed the question of a notice that was defective because it failed entirely to state the cause of the plaintiff's fall and thus her injury. Id. at 401. The court held that verbal notice by the plaintiff's husband to an Assistant City Clerk, who in return advised him of the need to give proper notice to the city and in fact prepared the defective notice in issue for him to sign, was insufficient to serve her cause.
This ruling was consistent with past discussions and interpretation of the import and intent of the statute in question. Consideration and examination of 13a-149's predecessor, identical in relevant areas, reveals several informative cases. See e.g. Shields v. City of Waterbury, 12 Conn. Corp. 246, 247 (1943), wherein the Court held:
 In considering these statutory provisions [General Statutes 1420 (1930)] our Superior Court in Marino v. Town of East Haven, 120 Conn. 577, 579, said: `As we pointed out in Sizer v. Waterbury, 113 Conn. 145, 156, the notice which the statute prescribes comprehends five essential elements: (a)written notice of the injury; (b)a general description of that injury; (c)the cause; (d)the time; and (e)the place thereof'.
See also, Sanger v. City of Bridgeport, 124 Conn. 183 (1938).
While it is settled law that the giving of the notice required by this statute is a prerequisite to a good cause of action:
 `there is nothing in the statute stating to whom the notice should be addressed. Indeed there is nothing requiring any address at all. The address of the notice is unimportant' provided that the information required by the statute is contained in the notice, and that CT Page 3461 the notice is given to the designated official. Marino v. East Haven, 120 Conn. 577, 579.' Hidden Georgie v. City of Rockville, 16 Conn. Sup. 135, 136 (1949).
See also Trelor v. Town of Farmington, 5 Conn. 493 (1938).
Because the statute does not prescribe the manner in which the notice of injury required therein to be given should be addressed, but provides merely to whom it should be given and the essential elements thereof, an improper address should not prove fatal so long as the notice reaches the right hands within the requisite period of time. In this case, the evidence submitted by the plaintiff demonstrates notice was received by the proper party. As such, it satisfies the requirements of the statute.
The motion to dismiss is hereby denied.
KATZ, JUDGE