[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT CITY OF NORWICH'S MOTION FOR SUMMARY JUDGMENT
This personal injury action arises out of a fall allegedly suffered by the plaintiff on September 10, 1988 while walking on a public sidewalk in Norwich. The cause of the fall is claimed to be a metal rod protruding from the sidewalk. The three count amended complaint names as defendants the Southern New England Telephone Company, City of Norwich, and Richard DesRoches, who is alleged to be the general manager of the Public Utilities Department of the City of Norwich. Before the court is the defendant City of Norwich's (City) motion for summary judgment as to the second count which is the only count directed at the City.
Summary judgment is appropriate when the pleadings, affidavits and other documentary proof submitted show that there is no genuine issue as to any material fact and that as a matter of law, the moving party is entitled to judgment. Wilson v. New Haven, 213 Conn. 277, 279 (1989). The motion is designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried. Id. Since litigants ordinarily have a constitutional right to have issues of fact decided by a jury, the party moving for summary judgment is held to a strict standard of demonstrating his entitlement to summary judgment. Kakadelis v. DeFabritis, 191 Conn. 276, 282 (1983).
The moving party has the burden of showing the absence of any genuine issue as to all material facts which under applicable principles of substantive law entitle him to judgment as a matter of law. State v. Googin, 208 Conn. 606, 615 (1988). A material fact is defined as a fact that will make a difference in the result of the case. State v. Googin, supra, 619. The facts presented must be viewed in the light most favorable to the party opposing the motion. Id. at 616.
The court's function in hearing a motion for summary judgment is not to decide issues of material fact but rather to CT Page 10183 determine whether any such issue exists. Nolan v. Borkowski,206 Conn. 495, 500 (1988).
The motion for summary judgment is based on the claim by the City that no timely notice was given to the City as is required by Connecticut General Statutes 13a-149 which provides in relevant Part:
 "No action for any such injury shall be maintained against any . . . City . . . unless written notice of such injury . . . shall, within ninety days thereafter be given . . . to the Clerk of such City. . . ."
In support of the motion the City has filed the affidavit of Beverly Muldoon, City and Town Clerk of Norwich, stating in substance that on September 10, 1988, and for a period of more than ninety days thereafter she did not receive any notice from the plaintiff or any of his representatives, or from any officers, agents or employees of the City of Norwich, relative to the fall alleged to have occurred on September 10, 1988 on a public street in Norwich. The plaintiff has not filed a counter affidavit but has attached to his memorandum of law in opposition to the motion a copy of a letter dated September 29, 1988 sent personally by the plaintiff concerning his fall on September 10, 1988. This letter was sent to "Department of Public Utilities, City of Norwich."
The City has not raised in its motion any claim with respect to the adequacy of the details of the alleged fall contained in the letter sent by the plaintiff or whether in fact the letter was actually sent. The only issue raised by the motion for summary judgment is whether notice sent to "Department of Public Utilities, City of Norwich" satisfies the statutory requirement that "notice . . . be given to . . . the clerk of such city. . . ."
Repeated decisions of the Connecticut Supreme Court have held that compliance with the statutory notice goes to the very existence of the action and that no right of action even exists until proper notice is given. Hillier v. East Hartford,167 Conn. 100, 105, 355 A.2d 1 (1974).
It appears to the court that a notice sent to the Department of Public Utilities of the City of Norwich does not satisfy the statute which requires notice be sent to the Clerk of the City of Norwich.
The plaintiff relies to some extent on the case of Schmidt v. Manchester, 92 Conn. 551, 103 A. 654 (1918), and also on the CT Page 10184 existence of a "savings clause" in Connecticut General Statutes13a-149. The reliance on Schmidt is misplaced. That case involved a notice sent to "The Town of Manchester, South Manchester, Conn." but the only issue raised in that case concerned the details of the alleged fall, not whether the notice was sent to the statutorily designated recipient.
With respect to the claim that the so-called "savings clause" should be utilized to find the notice adequate, it is obvious to the court that that portion of the statute which provides that "No notice given . . . shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place and cause of its occurrence, . . . if it appears that there was no intention to mislead or that such . . . city . . . was not in fact misled thereby," is designed to cover inaccuracies in a notice that has been given to the proper official. The uncontradicted affidavit of the City Clerk of Norwich establishes that the notice was not given to the official designated by the statute.
The plaintiff also claims that the adequacy of notice is a question of fact which should be left to the jury.
 "Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet, . . . the statutory requirements." Zotta v. Burns, 8 Conn. App. 169, 173
(1986).
This court is of the opinion that the pleadings and affidavit submitted patently show that there is no genuine issue of fact with respect to the adequacy of the notice filed in this case. Accordingly the motion for summary judgment on the second count filed by the defendant City of Norwich is granted.
WILLIAM L. HADDEN, Jr., Judge