[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff, Jamie Akerson, claims to have sustained injuries when he slipped and fell on a sidewalk on January 14, 1991 in the city of Bridgeport. On March 22, 1991, the City of Bridgeport was sent, by certified mail, return receipt requested, notice of the plaintiff's intention to file a claim against the city in compliance with General Statutes § 13a-149, commonly referred to as the defective highway statute. Said notice included the name of the plaintiff, a detailed description of the location of the sidewalk, the date and time of the injury, the cause of the injury and the type of injury which the plaintiff claimed to have sustained.
The plaintiff's writ, summons and complaint was filed on October 15, 1992, bearing a return date of October 27, 1992. On December 30, 1992, a default for failure to plead was entered by the court and the case was scheduled for a trial on the hearing in damages calendar on three occasions. On May 10, 1993, the defendant filed a motion to reopen the default which the court denied on August 8, 1993 (Vertefeuille, J.). The defendant subsequently filed a notice of defenses as to hearing in damages dated July 21, 1993, to which the plaintiff objected. The court CT Page 6479 (Hauser, J.) sustained the plaintiff's objection on March 9, 1994, and the court ordered the hearing in damages to proceed. On April 11, 1994, the defendant filed a motion to dismiss along with an accompanying memorandum of law based on a claim that the court lacks subject matter jurisdiction. An objection was filed along with a memorandum of law by the plaintiff on April 19, 1994, and the court (Rodriguez, J.) heard oral argument and conducted a hearing on May 9, 1994.
The defendant essentially argues that the court lacks subject matter jurisdiction because the notice given to the city was defective. The defendant claims that the notice is defective because the location it identifies is not owned by the defendant city arguing that, since the city does not own the identified location which the notice specifies, that location must as a matter of law be defective.
The plaintiff claims that where a default has been granted, the facts alleged in the complaint are deemed admitted and that among those facts deemed admitted is the allegation that the city controlled the property on which the plaintiff was injured. The plaintiff argues that the defendant's motion to dismiss would require a finding of fact which is inconsistent with the default judgment previously entered and further argues that the admission of control (by way of the default) clearly places the case within General Statutes § 13a-149.
General Statutes § 13a-149 allows claims for personal injuries caused by a defect in a sidewalk against a municipality provided that the municipality has assumed control over the sidewalk. Rodriguez v. New Haven, 183 Conn. 473, 475 (1981). Since an action provided for under General Statutes § 13a-149 did not exist at common law, the failure to satisfy the notice requirement deprives the court of jurisdiction. See Ambroise v.William Raveis Real Estate, Inc., 226 Conn. 757, 766 (1993).
 Under Connecticut General Statutes § 13a-149, the plaintiff must provide statutory notice within ninety days of the accident in order for an action to lie for damages caused by a defective highway that the town must maintain. The notice within the statute prescribes five essential elements: (a) written notice of the injury; (b) a general description of that injury; (c) the cause; CT Page 6480 (d) the time and date, and (e) the place thereof.
(Internal quotation marks omitted; citations omitted.) Pratt v.Old Saybrook, 225 Conn. 177, 181 (1993). In determining the sufficiency of notice, the court hooks to the purpose of the statute. "If, under the circumstances of a given case, the notice is sufficient for its intended purpose, it will be regarded as good notice." Merola v. Burns, 21 Conn. App. 633, 638 (1990). "The purpose of notice in § 13a-149 is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interest." Id.
The defendant's ownership of the property alleged to contain a highway defect is not a prerequisite to a claim under § 13a-149. Also, whether the city owned the subject property at the time in question has no bearing on whether the notice was sufficient. On its face, the notice given by the plaintiff clearly fulfills the requirements set forth by the Supreme Court in that it includes each element described and satisfies the purpose of notice by apprising the defendant of the relevant facts concerning the claim. It is not necessary for the court to consider whether the allegations in the complaint, for the purposes of this motion to dismiss, are admitted (as claimed by the plaintiff) because the issue of ownership and/or control of the property is not relevant to notice. The defendant is seeking to achieve by way of its motion to dismiss that which it could not achieve by its other motions which have previously been ruled upon.
Accordingly, for the foregoing reasons, the motion to dismiss is denied. CT Page 6481