[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action involves a claim by the minor plaintiff Karen Weiss and by her mother and next friend, plaintiff Bonnie Weiss, that on May 11, 1991, while stepping off a broken and crumbling concrete curb located at the corner of Bertolf Road and Reed Lane in the Riverside section of Greenwich, the minor plaintiff fell and sustained serious injuries. Counts one and two of the revised amended complaint, dated June 30, 1993, are directed to the Town of Greenwich (Town) and the Greenwich Housing Authority, Inc. (Housing Authority), and are brought under the defective highway statute, General Statutes § 13a-149.[1]
The plaintiffs claim that the Town is the record owner of the property where the accident occurred, and that the Housing Authority is responsible for the maintenance and upkeep of the curb area where the fall is alleged to have taken place. Counts three and four are directed against the Housing Authority only and assert that this defendant created a nuisance by permitting the curb in question to crumble and fall into a state of disrepair.
The town has now filed a motion (#147) seeking summary judgment on the basis of insufficient notice under General Statutes § 13a-149. The moving papers include copies of hospital records from the Greenwich Hospital and excerpts from the deposition testimony of the minor plaintiff. These documents make it clear that the minor plaintiff's fall occurred in the evening hours, perhaps 9:00 or 10:00 p. m., on Friday, January 10, 1991 and not on January 11, 1991, as set forth in both the statutory notice of claim and in the complaint itself. January 11, 1991 was the morning after the day of the fall, when Karen Weiss woke up, experienced pain in her knee, and was taken by her parents to Greenwich Hospital and was treated. The defendant Town seeks summary judgment on the authority of Gardner v. City of New London,63 Conn. 267, 268, 28 A.2d 42 (1893), claiming that the case paraphrases the old song, "What a difference a Day Makes."
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." WadiaEnterprises v. Hirschfeld, 224 Conn. 240, 247, 618 A.2d 506 (1992). A material fact is one that will make a difference in the result of CT Page 75 a case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quotingState v. Groggin, 208 Conn. 606, 616, 546 A.2d 250 (1988).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citations and internal quotation marks omitted.) Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact does exist." (Citations and internal quotation marks omitted.) Hammer v.Lumberman's Mutual Casualty Co., supra, 214 Conn. 579. In deciding such a motion, the court must "view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v.Carriage Lane Associates, supra, 781.
"In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to' decide whether any such issues exist." (Citations and internal quotation marks omitted.) Dolnack v. Metro-North Commuter RailroadCo., 33 Conn. App. 832, 838, 639 A.2d 530 (1994). In the context of this case, the court's role is not to decide whether the plaintiffs complied with General Statutes § 13a-149, but whether an issue of material fact regarding compliance with the statute exists.
General Statutes § 13a-149 requires that notice be given in order to bring a defective highway claim against a municipality. "The plaintiff who fails within ninety days to provide the municipality with the statutorily required notice will be barred from any recovery." Sanzone v. Board of Police Commissioners,219 Conn. 179, 198, 592 A.2d 912 (1991). "Whether notice is sufficient is normally a question of fact for the jury. . . . The sufficiency of the notice is to be tested by the purpose of the statute, and not by the requirements of a pleading. . . . The obvious purpose of [the statutory notice provision] is that the officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to inquire into the facts of the case intelligently. . . . Notice is sufficient if it enables one of ordinary intelligence, using ordinary diligence under thecircumstances, to ascertain where the injury occurred. . . ." (Citations omitted; emphasis in original; internal quotation marks omitted.) Bassin v. City of Stamford, 26 Conn. App. 534, 539, CT Page 76602 A.2d 1044 (1992). Furthermore, in Lussier v. Department ofTransportation, 228 Conn. 343, 354, 636 A.2d 808 (1994), an action involving a state highway brought pursuant to General Statutes § 13a-144, the court recognized that "[u]nless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case."
The Gardner case, which is relied upon by the Town, involved an action for the recovery of damages resulting from a defective highway. Gardner v. City of New London, supra, 63 Conn. 268. The action involved General Statutes § 2673 which provided in pertinent part that "[a]ny person injured in person or property; by means of a defective road or bridge may recover damages from the party bound to keep it in repair; but no action for any such injury shall be maintained against any town . . . unless written notice of such injury, and the nature and cause thereof, and of the time and place of its occurrence shall . . . be given to a selectman of such town . . . ." General Statutes § 2673 did not contain the so-called savings clause, which was first enacted in 1917, Public Acts, 1917, Chapter 66. See Christian v. City of Waterbury, 123 Conn. 152,155-56, 193 A.2d 606 (1937).
Presently, the savings clause in General Statutes § 13a-149
provides that "[n]o notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town . . . was not in fact misled thereby." "[T]his clause demonstrates that the legislature intended that compliance with the notice requirement be liberally construed in favor of the plaintiff." Pratt v. Town of OldSaybrook, 225 Conn. 177, 182, 621 A.2d 1322 (1993).
In Shapiro v. City of Hartford, 4 Conn. App. 315,494 A.2d 590, cert. denied, 197 Conn. 810, 499 A.2d 61 (1985), the plaintiff brought an action to recover damages for personal injuries she suffered due to a defective condition on a public highway. The plaintiff appealed the trial court's directed verdict in favor of the defendant and the denial of her motion to set aside the directed verdict. Id., 316. The notice provided by the plaintiff, pursuant to § 13a-149, was sufficient in all respects except that it stated the date of the accident as June 16, 1979, when the actual CT Page 77 date of the accident was June 9, 1979, which was correctly stated in the complaint. Id. Upon the close of the plaintiff's case at trial, the court directed a defendant's verdict because the notice was a "condition precedent to the right of the plaintiff to maintain her action: and the date of the accident was essential, and, since the savings clause was not pleaded, it was not applicable. Id., 316-17. On appeal, the court held that "[w]hether a notice as intended to be or was misleading are questions of fact and are therefore to be determined by the jury and not the court." Id., 317-18. The plaintiff, on appeal, conceded that no evidence had been introduced at trial to prove the elements of the savings clause of § 13a-149. Id., 318. Accordingly, the Appellate Court affirmed the directed verdict because "[i]n the absence of such evidence, the jury could not conclude that there was or was not an intention to mislead, or that the defendant was or was not in fact misled by the inaccuracy of the time of the accident as alleged in the notice." Id.; see alsoGiannitti v. City of Stamford, 25 Conn. App. 67, 75-76,593 A.2d 140, Cert. denied 220 Conn. 918, 597 A.2d 333 (1991) (holding that "[s]ection § 13a-149 contains a savings clause that provides that notice given under the statute will not be invalidated because of inaccuracies in its content so long as there was no intent to mislead the municipality or the municipality is not in fact misled.").
In this present case, the trier of fact will be obliged to decide whether the notice to the Town indicating that the fall took place on January 11, 1991, and not the correct date of January 10, 1991 was intended to mislead the Town or did in fact mislead it. See, Shapiro v. City of Hartford, supra, 4 Conn. App. 317-18. Thus, the Town has failed to demonstrate that no genuine issue of material fact exists as to the sufficiency of the notice of the incident furnished to it by the plaintiffs. Practice Book § 384. Accordingly, its motion for summary judgment is denied.
Also appearing on the same motion or short calendar as the motion for summary judgment were two other motions by the Town, #152 and #153. The first motion requested the court to determine the "sufficiency" of plaintiffs' responses to the Town's request for admissions, and the second sought to "preclude" the use of these responses "for any purpose." Both motions involve a request that the plaintiffs admit that the accident occurred on January 10, 1991. The plaintiffs failed to respond to the requests to admit in a timely fashion pursuant to Practice Book § 239. They only responded to the requests to admit at the time the Town filed its CT Page 78 motion for summary judgment, and then they merely stated that the accident took place "on or about" January 11, 1991, and that they were unable to determine the accuracy of the Greenwich Hospital records indicating that the accident took place the day before. It is true that the responses were not timely made and, when finally made, were vague, but the plaintiffs' responses, in the light of the denial of the motion for summary judgment, are moot and immaterial at this time. It is clear that the accident took place on January 10, not on the 11th, but the issue now is whether the § 13a-149 notice is so patently defective that the court may rule as a matter of law that the savings clause of that statute may not be invoked. This issue has been resolved by the denial of the motion for summary judgment and thus motions #152 and #153 are also denied.