[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
In this action, the plaintiff, Richard Bliss, seeks to recover damages against the defendant, the City of Norwalk (City), claiming to have sustained injuries when he fell on ice in the Haviland Street Municipal Parking Lot on March 14, 1993. In the plaintiff's complaint, he alleges that notice was sent to the Office of the Town Clerk, City of Norwalk, on April 23, 1993, and on June 1, 1993, in accordance with General Statutes §13a-149.
The City timely filed a motion to dismiss the plaintiff's complaint and a memorandum of law in support of thereof. See Practice Book § 142.
On December 21, 1994, the court, upon consideration of the motion to dismiss, ordered that an evidentiary hearing be held so that evidence could be presented on "whether either of the two notices in question reached the hands of the City Clerk and, if so, when." A hearing was held on January 6, 1995, during which evidence was presented to the court, including testimony by Mary Keegan, the Town Clerk of the City of Norwalk, and the affidavit of K.C. Senie, the City Clerk of the City of Norwalk.
A motion to dismiss may be used to assert that the court lacks jurisdiction over the subject matter of an action. Practice Book § 143. Compliance with the requirements of § 13a-149
"is a condition precedent to the action itself." Shapiro v. Cityof Hartford, 4 Conn. App. 315, 317, 494 A.2d 590, cert. denied,197 Conn. 810, 499 A.2d 61 (1985). Furthermore, "[s]ince an action provided for under General Statutes [§] 13a-149 did not exist at common law, the failure to satisfy the notice requirement deprives the court of jurisdiction." Akerson v. Cityof Bridgeport, 4 CSCR 697 (June 9, 1994, Rodriguez, J.).
The City argues that the plaintiff's complaint should be dismissed because the plaintiff improperly provided notice of his accident to the Town Clerk of the City of Norwalk, and not the City Clerk of the City of Norwalk, which the City contends is required by § 13a-149. CT Page 1300
Section 13a-149 provides in pertinent part that
 Any persons injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair . . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city. . . .
(Emphasis added.)
In Costello v. City of Norwalk, 6 CSCR 480 (April 25, 1991, Katz, J.), the court considered the issue of whether the addressing of the statutorily required notice to an improper party rendered the notice fatally defective and warranted the dismissal of the action. The plaintiff had addressed the notice to the Town Clerk of the City of Norwalk, instead of the City Clerk of the City of Norwalk. Id. The court recognized that the Town Clerk was "someone distinct and separate from the City Clerk. . ." but that the notice was received four days later by the Assistant City Clerk, to whom the notice should have been sent. Id. The court stated that "[o]bviously the powers that be at City Hall knew the difference, knew where the notice belonged and that the purpose of the notice to permit a proper investigation to be made of the circumstances surrounding the claim would be best accomplished in Ms. Fernchild's [the Assistant City Clerk] hands." Id. Accordingly, the court denied the motion to dismiss the complaint, and held that "an improper address should not prove fatal so long as the notice reaches the right hands within the requisite period of time. In this case, the evidence submitted by the plaintiffs demonstrates notice was received by the proper parties. As such, it satisfies the requirements of the statute." Id.
Furthermore, in Pratt v. Town of Old Saybrook, 225 Conn. 177,182, 621 A.2d 1322 (1993), the Connecticut Supreme Court, upon review of the trial court's determination that the plaintiff had failed to satisfy the notice requirement of § 13a-149, stated:
 In determining whether the notice is sufficient, we must look to the purpose of the statute. . . . The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. CT Page 1301 Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests. . . . More specifically . . . the statutory notice assists a town in settling claims promptly in order to avoid the expenses of litigation and encourages prompt investigation of conditions that may endanger public safety, as well as giving the town an early start in assembling evidence for its defense against meritless claims.
The Supreme Court further stated that the legislature's inclusion of a saving clause within § 13a-149 "demonstrates that the legislature intended that compliance with the notice requirement be liberally construed in favor of the plaintiff." Id., 182-83.
In the present action, the plaintiff sent notice of his accident on April 23, 1993, and June 1, 1993, to the Town Clerk of the City of Norwalk. The parties agree that although a "Town Clerk" for the City of Norwalk exists, there is no "town" of Norwalk; rather Norwalk is a city. Furthermore, the affidavit of K.C. Senie, the City Clerk, indicates that the plaintiff's notice dated April 23, 1993 was received by the Town Clerk on or about April 26, 1993, and then was referred to the Office of the Mayor and City Clerk, where it was received on or about April 26, 1993. Accordingly, the notice reached the right hands, the City Clerk, within the requisite period of time, and therefore, the notice satisfies the requirements of § 13a-149. See Costello v. Cityof Norwalk, supra.
Furthermore, liberally construing the notice requirement in favor of the plaintiff, the "Town Clerk" of the City of Norwalk can be considered "the clerk" of the City of Norwalk for purposes of § 13a-149, and therefore, the notice provided by the plaintiff to the Town Clerk was sufficient. See Pratt v. Town ofOld Saybrook, supra, 182. Since there is no entity known as the "Town of Norwalk", but there are in fact two separate persons serving as "clerks", one called the "town clerk" and the other the "City Clerk", the City of Norwalk has, in effect, two clerks. By serving Mary Keegan, the plaintiff served one of the two clerks of the City of Norwalk, albeit the title is "Town" clerk, and sufficiently fulfilled the purpose of the notice requirement which is "not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim." Id. CT Page 1302
The cases relied upon by the City as support for its contention that the plaintiffs notice is defective are factually distinguishable from the present case, and therefore, are unpersuasive. In both Sims v. City of Stamford, 8 CSCR 1021
(August 13, 1993, Zoarski, J.) and Sweeney v. Southern NewEngland Telephone Co., 7 CSCR 87 (December 3, 1991, Hadden, J.), the court held that providing notice to a third-party, Metro-North and the Department of Public Utilities, respectively, did not meet the requirements of § 13a-149.
For the reasons stated herein, the defendant's motion to dismiss is denied.
D'ANDREA, J.