[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#112)
FACTS
In September 1994, the plaintiffs, Arlene Broadbent and Winston Broadbent, commenced this action against the defendants, State of Connecticut-Department of Transportation (state) and O 
G Industries, Inc. The first count of the amended complaint is directed against the state and is the only count relevant to this motion to dismiss. This count alleges that on December 31, 1993 at approximately 10:12 p.m., the plaintiff Arlene Broadbent was a passenger in a motor vehicle operated by her husband, the plaintiff Winston Broadbent, when a piece of loose roadway flew up through the windshield causing severe injuries to Arlene Broadbent. The first count alleges that these injuries were caused by the negligence of the state.
The state now moves to dismiss this action claiming that the plaintiff's claim is barred by the doctrine of sovereign immunity. In support of its motion, the state submitted memorandum of law. In opposition to this motion, the plaintiff timely filed a memorandum of law. The state also filed a reply memorandum.
DISCUSSION
The motion to dismiss is the proper manner by which to assert lack of subject matter jurisdiction. Practice Book Section 143. Every presumption is to be indulged in favor of jurisdiction.LeConche v. Elligers, 215 Conn. 701, 710, 579 A.2d 1 (1990). Whenever the issue of subject matter jurisdiction is raised, it CT Page 9017 must be disposed of no matter what form it is presented. Castro v.Viera, 207 Conn. 420, 429-30, 541 A.2d 1216 (1988). The doctrine of sovereign immunity implicates subject matter jurisdiction and is grounds for granting a motion to dismiss. Amore v. Frankel,29 Conn. App. 565, 568, 616 A.2d 1152 (1992).
The state argues that the claim against it should be dismissed because it is barred by the doctrine of sovereign immunity. The state contends that the plaintiff failed to give the required statutory notice under General Statutes Sec. 13a-144 by failing to identify the correct time of the occurrence; by failing to describe the injuries allegedly sustained; and by failing to adequately describe the place of the occurrence. The state argues that since the plaintiff failed to meet the statutory requirements, which are a condition precedent to suit against the state, the court does not have subject matter jurisdiction.
The plaintiff contends that a timely written notice of her claim was given to the commissioner as required under Sec. 13a-144. The plaintiff argues that the notice provided complied with all the requirements of Sec. 13a-144 because a general description of the place, time and injuries sustained was provided. The plaintiff therefore contends that this court has subject matter jurisdiction.
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." (Citations and internal quotation marks omitted.) White v. Burns, 213 Conn. 307,312, 567 A.2d 1195 (1990). The plaintiff's cause of action is based upon General Statutes 13a-144 which provides recovery for injuries sustained on defective state highways. This statute provides in pertinent part:
 No such action shall be brought except within two years from the date of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner.
General Statutes 13a-144.
"General Statutes 13a-144 created a cause of action `wholly unauthorized by the common law.'" Wethersfield v. National FireIns. Co., 145 Conn. 368, 371, 143 A.2d 454 (1985); Zotta v. Burns,
CT Page 90188 Conn. App. 169, 173, 511 A.2d 373 (1986). A cause of action which is purely statutory, such as that created by General Statutes13a-144 must be strictly construed. Id. The statutorily required notice is a condition precedent to bringing an action under the statute, and if the requirement is not met, no cause of action arises. Bresnan v. Frankel, 224 Conn. 23, 26, 615 A.2d 1040
(1992).
"Ordinarily, the question of the adequacy of notice is one for the jury and not for the court, and the cases make clear that this question must be determined on that basis of the facts of the particular case." Morico v. Cox, 134 Conn. 218, 223, 56 A.2d 522
(1947). "Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice `patently meets or fails to meet'. . . the statutory requirements." (Citations and internal quotation marks omitted.) Bresnan v. Frankel, supra, 224 Conn. 28.
The sufficiency of notice is tested with reference to the purpose for which it is required. Moffett v. Burns, 3 CSCR 636
(July 12, 1988, Pickett, J.), aff'd, 18 Conn. App. 821,559 A.2d 1190, cert. denied, 212 Conn. 806, 561 A.2d 947 (1989). "The purpose of the notice requirement is to furnish the commissioner with such precise information as to time and place as will enable [the commissioner] to inquire into the facts of the case intelligently." (Citations and internal quotation marks omitted.)Bresnan v. Frankel, supra, 224 Conn. 26.
The defendant contends that the notice given by the plaintiff is deficient in three respects: (1) as to the date and time of the accident; (2) as to the description of the place of the accident; and (3) as to the description of the plaintiff's injuries.
The notice given by the plaintiff states that she sustained personal injuries on January 7, 1993. Her amended complaint, however, states that the injuries were sustained on December 31, 1992 at approximately 10:12 p.m. The date given in the amended complaint apparently is the correct date of the accident.
In Shapiro v. Hartford, 4 Conn. App. 315, 494 A.2d 590, cert. denied 197 Conn. 810, 499 A.2d 61 (1985), the court faced an issue similar to that presently before the court. Shapiro involved a case under the municipal defective highway statute, Sec. 13a-149. That statute requires the same content for statutory notice as Sec.13a-144. Pratt v. Old Saybrook, 225 Conn. 177, 183, 621 A.2d 1326
CT Page 9019 (1993). Unlike Sec. 13a-144, however, Sec. 13a-149 is to be liberally construed because it contains a savings clause that validates the content of a defective notice if it was not intended to be and was not in fact misleading. Id. In Shapiro, the plaintiff's notice erroneously stated the date of the accident as June 16, 1979, when the actual date, which was alleged in the complaint, was June 9, 1979. Shapiro v. Hartford, supra, 316. The court upheld the trial court's directed verdict in favor of the defendant based upon the erroneous date in the statutory notice. Id., 316-18. Despite the savings clause in Sec. 13a-149, the court in Shapiro upheld the directed verdict because the plaintiff failed to present evidence to prove the elements of the savings clause. Id., 318. The court's holding indicates that, under Sec. 13a-149, when the time of the accident is misstated even by one week, the notice patently fails to meet the statutory requirements, unless the elements of the savings clause are met.
The present case has been brought against the state under Sec.13a-144, which requires "the same content for statutory notice" as Sec. 13a-149; Pratt v. Old Saybrook, supra, 225 Conn. 183; but does not contain a savings clause. Since under Sec. 13a-144 the plaintiff does not have the benefit of a savings clause, the statute is to be strictly construed. Id. It would be anomalous for this court to hold that the notice in this case is sufficient, when under the identical facts in Shapiro, supra, the court, interpreting a more liberal statute, held the notice insufficient. The failure to give the correct date of the accident by misstating the date by one week patently fails to meet the statutory requirements of Sec. 13a-144, and therefore the plaintiff does not have a cause of action against the state.
Since the court finds that the statutory notice is defective because it fails to give adequate notice of the time of the accident, the court need not address the state's other claims of inadequate notice.
For these reasons, the state's motion to dismiss the first count is granted.
PICKETT, J.