[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
On April 17, 1995, the plaintiff, Paula Sbriglio, commenced this action against defendant, the Town of Wethersfield. On July 6, 1995, the plaintiff filed a motion to cite in an additional defendant, Gilbert Hatch. The motion was granted by the court, Corradino, J. On August 8, 1995, the plaintiff filed a substitute complaint. On October 5, 1995, the defendant, Gilbert Hatch, moved for summary judgment on the second and third count of the plaintiff's substitute complaint. On July 9, 1996, the court, Aurigemma, J., granted the defendant Hatch's motion for summary judgment. The plaintiff in her substitute complaint alleges the following facts.
In count one, the plaintiff alleges that the defendant, the CT Page 8127 Town of Wethersfield, is a municipal corporation organized and existing under the laws of the State of Connecticut. The defendant, the town of Wethersfield, has the statutory duty to keep and maintain the sidewalks and streets within its territorial limits in a reasonably safe condition. The defendant's statutory duty arises from General Statutes §§7-148, 7-465, 13a-99 and/or 13a-149.
On October 6, 1993, the plaintiff was walking along the public sidewalk, located on the southerly side of the street in front of the property commonly known as 151 Jordan Lane, Wethersfield, Connecticut, when she was caused to fall because of the dangerous and defective condition of the sidewalk. As the result of the fall, the plaintiff sustained and suffered personal injuries. The public sidewalk in question is within the territorial limits of the Town of Wethersfield and was in use by pedestrians. At the time and place of the fall, the plaintiff was exercising due care.
The plaintiff's injuries and losses were caused by the defendant's breach of its statutory duty. The defendant, the Town of Wethersfield, breached its statutory duty in one or more of the following ways: a) the area was uneven, raised, or of varying heights and in a state of disrepair so that it rendered pedestrian traffic hazardous and dangerous; b) the uneven and raised condition had existed for an unreasonable period of time, yet no measures had been taken to correct the problem; c) the sidewalk was not reasonably safe for the uses and purposes intended; and d) the defendant, the Town of Wethersfield, exercising reasonable care and inspection knew or should have known of these conditions and should have corrected the problem.
The injuries suffered by the plaintiff include headaches; laceration and bruises; injury to right knee; and torn right rotator cuff.
As the result of the injuries, the plaintiff was forced to spend the sum of $19,683.00 for medicines, medical care and hospital care and it is likely that the plaintiff will be forced to spend further sums for the same in the future.
The notice of the incident was given to the defendant on November 30, 1993. A copy of which is attached to the complaint.
On April 1, 1996, the defendant, the Town of Wethersfield, CT Page 8128 moved for summary judgment as to count one of the plaintiff's complaint.[1] The defendant attached a memorandum of law in support of its motion for summary judgment. On May 2, 1996, the plaintiff filed an objection to the Town of Wethersfield's motion for summary judgment. The plaintiff also attached a memorandum of law in support of her objection.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "As the party moving for summary judgment, the [defendant] is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995).
"The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Millerv. United Technologies Corp., 233 Conn. 732, 752, 660 A.2d 810
(1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Id., 751-52. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805, ___ A.2d ___ (1996). "[T]he party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Id., 808.
"A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529,543, 494 A.2d 555 (1985).
The defendant, the Town of Wethersfield, moves for summary judgment on the grounds that the plaintiff failed to give notice properly to the Town of Wethersfield under General Statutes §13a-149,[2] and therefore, the plaintiff's action against the Town of Wethersfield is barred as a matter of law. CT Page 8129
 I
The defendant argues that the plaintiff's notice fails to meet the statutory requirements of General Statutes § 13a-149
because the notice did not give a general description of the injury allegedly sustained by the plaintiff. In opposition, the plaintiff argues that her notice did not "patently fail" to meet the statutory requirements set forth in General Statutes §13a-149.
"Whether notice is sufficient [to satisfy the statutory requirements] is normally a question of fact for the jury."Bassin v. Stamford, 26 Conn. App. 534, 539, 602 A.2d 1044 (1992), citing Morico v. Cox, 134 Conn. 218, 223-24, 56 A.2d 522 (1947). "Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Citations omitted; emphasis added; internal quotation marks omitted.) Ozmun v. Burns, 18 Conn. App. 677,681, 559 A.2d 1143 (1989).
"The notice provision in § 13a-144 has the same language as that contained in § 13a-149, the defective highway statute." Liu v. Frankel, Superior Court, judicial district of Hartford at Hartford, Docket No. 544645 (January 25, 1996, Corradino, J.). "Courts interpreting § 13a-149 as to the notice provision, its meaning and effect refer to cases that have interpreted the same language in § 13a-[144.] Morico v. Cox,134 Conn. 218, 222-223 (1947)." Id.
"The giving of a notice sufficient to satisfy the requirements of the statute is a condition precedent to the maintenance of an action under it." Marino v. East Haven,120 Conn. 577, 578-79, 182 A. 225 (1935). "The obligation to comply with the statute in this respect rests upon the plaintiff, and lacking such sufficient notice he has no cause of action which he can maintain against the defendant town." Id., 579. The purpose of requiring a notice is to furnish the government entity involved "such information as will enable [it] to intelligently investigate the facts upon which the claim is based." Id.
"The notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of that injury; (c) the cause; (d) the time CT Page 8130 and date, and (e) the place thereof." (Brackets omitted; internal quotation marks omitted.) Pratt v. Old Saybrook, 225 Conn. 177,180, 621 A.2d 1322 (1993). "The description of the injury required by (b) is one which . . . shall be sufficient to apprise the other party of the general character of the injury fairly, and to such an extent as might be reasonably necessary, under the circumstances, to reasonably protect his interests." (Internal quotation marks omitted.) Marino v. East Haven, supra, 120 Conn. 579-80. "It is a general description of the direct or immediate injury as distinguished from the resulting consequential damages." (Internal quotation marks omitted.) Id., 580.
"This requirement as to notice was not devised as a means of placing difficulties in the path of an injured person." LoRussov. Hill, 139 Conn. 554, 557, 95 A.2d 698 (1953). "[The notice need not] be expressed with the fullness and exactness of a pleading. [Its] intended purpose is that of furnishing the recipients such available information as is calculated to assist them in self-protection. [Its] sufficiency is to be tested with reference to that purpose, and in applying the test the circumstances of each case are to be considered. If, under the circumstances of a given case, the notice is sufficient for its intended purpose, it will be regarded [as] a good notice."Delaney v. Waterbury Milldale Tramway Co., 91 Conn. 177, 181,99 A. 503. (1916). "More specifically with reference to the injury, a general description which will apprise the recipient of the nature of it is sufficient; and the extent of the burden of furnishing information upon that subject is to be determined by the circumstances of the case and with the view that this burden is not to be `unreasonably increased by a demand for information which . . . could not reasonably be expected.' Cassidy v.Southbury, 86 Conn. 45, 49, 84 A. 291." Flynn v. First NationalBank Trust Co., 131 Conn. 430, 433, 40 A.2d 770 (1944). "[T]he statutory notice assists a town in settling claims promptly in order to avoid the expenses of litigation and encourages prompt investigation of conditions that may endanger public safety, as well as giving the town an early start in assembling evidence for its defense against meritless claims." (Internal quotation marks omitted.) Pratt v. Old Saybrook, supra, 225 Conn. 182.
The plaintiff's notice states that she "sustained severe personal injuries." The following descriptions of injury have been held to be insufficient as a matter of law: the plaintiff "got hurt"; Main v. North Stonington, 127 Conn. 711, 712-13,16 A.2d 356 (1940); the plaintiff "fell and was injured"; Marino v.CT Page 8131East Haven, supra, 120 Conn. 578, 581; the plaintiff "was injured after she tripped over a defect in the sidewalk"; Martin v.Plainville, 40 Conn. App. 179, 180-81, 669 A.2d 1241, cert. granted, 236 Conn. 912, 673 A.2d 113 (1996); the plaintiff suffered "an injury to her knee"; Dunn v. Ives, 23 Conn. Sup. 113,116, 177 A.2d 467 (1961).
The only difference in the description of injuries provided by the plaintiff in this case and the description provided by the plaintiffs in Main v. North Stonington, supra, Marino v. EastHaven, supra, and Martin v. Plainville, supra, is the word "severe." Several superior court cases support the defendant's assertion that the § 13a-149 requirement that the notice provide a general description of the injury is not satisfied by characterizing its severity. In the following cases the plaintiff's notice was found insufficient as a matter of law even though it described the severity of the injury: the plaintiff "suffered substantial injuries, the extent of which, at this date, cannot be determined." Blake v. Santoro, Superior Court, judicial district of Litchfield, Docket No. 052742 (September 21, 1990, Pickett, J., 2 Conn. L. Rptr. 429, 430); the plaintiff "sustained serious personal injuries", Mazur v. DeFoe, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 535280 (May 26, 1995, Corradino, J.,14 Conn. L. Rptr. 359). In Corona v. City of New Haven, 3 Conn. Sup. 308, 310, (1936), the notice stated that the plaintiff was "seriously injured." The court held that "the word `seriously' [was] not sufficient to bring the notice within the essential[s] of the statute. In Ortiz v. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 304643 (March 17, 1995, Levin, J.), the court found legally sufficient a notice that stated that the plaintiff "suffered injuries to her lower extremities." The plaintiff's notice does not provide any information as to the part or parts of the body that were injured.
In Durso v. Town of Sherman, Superior Court, judicial district of Danbury, Docket no. 317959 (May 8, 1995, Leheny, J.), however, the court found sufficient a notice which stated that the plaintiff had "suffered numerous injuries, some of which may be permanent." The court reasoned that "[i]n the present case, a jury could find that the general description of the injuries provided by [the plaintiff] to the [Town of] Sherman was sufficient to allow Sherman to make a proper investigation into the circumstances surrounding the case, thus satisfying the CT Page 8132 purpose of the notice." Id. In Vestutu v. Burns, Superior Court, judicial district of New Haven, Docket No. 274390 (February 15, 1991, Berdon, J. 3 Conn. L. Rptr. 307, 308), a case dealing with the notice requirement of § 13a-144, the court held that a notice which stated that the plaintiff "`suffered severe personal injuries' is not, as a matter of law, insufficient . . . and [that the] issue [of its sufficiency] is one for the trier of fact." The court explained that "[t]he obvious purpose of requiring that the claimant give a description of his or her injury was to put the [town] on notice of the seriousness of the accident and the extent of the investigation which is necessary to protect the interests of the [town]. This purpose is underscored by the language of the § 13a-144 which merely requires a `general description of the injury' whereas all the other notice requirements — that is, the cause, time and place — are not so qualified." Id., citing Sizer v. Waterbury,113 Conn. 145, 157, 154 A. 639 (1932). "Viewed from this perspective, the notice which furnishes the [town] with information that the personal injury was `severe' [is] not so insufficient as to make the issue a question of law." Vestutu v. Burns, supra,3 Conn. L. Rptr. 307.[3]
Nor in the present case, does the defendant, the town of Wethersfield, argue that the description of the injury provided by the plaintiff was not sufficient enough for it to properly investigate the circumstances surrounding the case or that it hindered the investigation in some manner. In fact, in the instant case the town and its carrier had within 90 days of the fall, medical reports as to the claimed injuries. The motion for summary judgment on the grounds of insufficiency of the notice as to the claimed injury is denied.
 II
The defendant, the Town of Wethersfield, also moves for summary judgment on the grounds that the plaintiff did not give notice to any of the individuals identified specifically in the statute. General Statutes § 13a-149 provides in pertinent part that "[n]o action for . . . injury shall be maintained against any town . . . unless written notice of such injury . . . shall within ninety days thereafter be given to a selectman orthe clerk of such town, or to the clerk of such city or borough,or to the secretary or treasurer of such corporation. (Emphasis added.) In this case, the plaintiff addressed her notice to the "Town of Wethersfield c/o Lee Erdman, Town Manager." Even though CT Page 8133 the notice was addressed to the Town Manager, the notice did reach the Town Clerk. Further, the Assistant Town Clerk acknowledged receiving the notice to the plaintiff's attorney in a letter dated December 6, 1996 (Exhibit C).
Compliance with the requirements of § 13a-149 "is a condition precedent to the action itself." Shapiro v. City ofHartford, 4 Conn. App. 315, 317, 494 A.2d 590, cert. denied,197 Conn. 810, 499 A.2d 61 (1985). Moreover, "[s]ince an action provided for under General Statutes [§] 13a-149 did not exist at common law, the failure to satisfy the notice requirement deprives the court of jurisdiction." Akerson v. City ofBridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 299053 (July 4, 1994, Rodriguez, J.9 CSCR 697), appeal dismissed, 36 Conn. App. 158, 649 A.2d 796 (1994).
In Costello v. City of Norwalk, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268834 (April 25, 1991, Katz, J. 6 CSCR 480), the plaintiff addressed his notice to the Town Clerk of the City of Norwalk, instead of the City Clerk of the City of Norwalk. The court acknowledged that "the powers that be at City Hall knew the difference, knew where the notice belonged and that the purpose of the notice — to permit a proper investigation to be made of the circumstances surrounding the claim — would be best accomplished in [the Assistant City Clerk's] hand." Id. The court found that "the statute does not prescribe the manner in which the notice of injury required therein to be given should be addressed, but merely to whom it should be given . . . ." Id. The court concluded, therefore, that "an improper address should not prove fatal so long as the notice reaches the right hands within the requisite period of time." Id. See also Bliss v. City of Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135308 (February 9, 1995, D'Andrea, J.), holding that a notice improperly addressed to the Town Clerk, instead of the City Clerk, satisfied the requirements of § 13a-149 because it "reached the right hands . . . within the requisite period of time;" Georgie v. City of Rockville, 16 Conn. Sup. 135, 136
(1949), holding that "[t]he address of the notice is unimportant provided that the information required by the statute is contained in the notice, and that the notice is given to the designated official." (Emphasis added.) In this case, the evidence presented by the plaintiff establishes that the notice was received by the proper party. Accordingly, the defendant's motion for summary judgment on the grounds that the notice was CT Page 8134 addressed to the Town Manager, instead of the Town Clerk is denied.
Mary R. Hennessey, Judge