JOSEPH MORICO ET AL. v. WILLIAM J. COX,
HIGHWAY COMMISSIONER

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued October 7—decided December 3, 1947

*Charles A. Watrous,* with whom, on the brief, were *Jerome Hershey* and *Harry L. Brooks,* assistant attorney general, for the appellant (defendant).

*Martin E. Gormley,* for the appellees (plaintiffs).

DICKENSON, J. This is an appeal from a judgment entered on a verdict for the plaintiffs in an action for damages for injuries caused by a defective highway. Error is assigned in the denial of a motion to expunge part of the complaint, in rulings on evidence, in the charge and in the refusal of the court to submit a requested interrogatory.

The claims of proof necessary for a determination of the issues we discuss are as follows: The plaintiffs' claims are that on January 9, 1945, between 10 and 11 a.m., a truck owned by the plaintiff Guyott Construction Company and operated by the plaintiff Morico in a northerly direction skidded on ice on Castle Bridge, which carries route 8 over railroad tracks and the Naugatuck River at the Litchfield-Harwinton town line, and collided with the side of the bridge, injuring the driver and the truck; that route 8 is a main traffic artery and a very heavily traveled highway; that, at the time of the accident and for approximately twenty hours before, the surface of Castle Bridge and the highway immediately south of it was coated with ice and slippery, was unprotected by sand or other abrasive material and was dangerous for automobile traffic without sand-

ing; that this condition was the sole cause of the plaintiffs' injuries and that the defendant had failed to use reasonable care to remedy it.

The defendant's claims are that an ice slick extended from a point about 300 feet south of Castle Bridge on route 8 to three-fourths of the way across the bridge; that the ice was very thin and was caused by fog from the Naugatuck River; that there was no ice on the bridge or on route 8 for four miles north and three miles south of Castle Bridge at 11 p.m., on January 8, 1945, except a small patch which was between 100 and 300 feet south of the bridge and which had been sanded; that for 300 feet south of Castle Bridge route 8 forms a curve, that the roadway on the bridge is straight and level, and that the plaintiffs' truck started to skid on ice on the curve.

The complaint in the action alleges two separate statutory breaches of duty on the part of the defendant arising out of a defective highway and an insufficient bridge railing. The statutes upon which the allegations were based, General Statutes, § 1481, and General Statutes, § 1419, as amended by § 301g of the 1943 Supplement, both require, as a condition precedent to bringing action, that notice be given containing a general description of the injury and the cause thereof, and of the time and place of its occurrence. General Statutes, § 1419, as amended by § 301g, relating to defective railings, contains the further provision that no such notice "shall be held invalid or insufficient by reason of an inaccuracy in describing the injury, or in stating the time, place or cause of its occurrence if it appears that there was no intention to mislead or that such party was not misled thereby." General Statutes, § 1481, relating to defective highways, contains no such provision. The notices served by the plaintiffs contain no refer-

ence to injuries caused by an insufficient railing. The defendant moved to expunge from the complaint the allegations claiming liability as a result of an insufficient railing on the ground that they were immaterial and irrelevant. The motion was denied and the defendant has appealed from the ruling. He contends that, in the absence in the notices of claims of injury caused by an insufficient railing, the allegations charging this in the complaint constituted immaterial and irrelevant matter. The trial court in denying the motion filed a memorandum in which it pointed out that a motion to expunge is not designed to test substantial claims. This was correct. In exceptional cases such a motion may be granted on the grounds claimed; *Donovan* v. *Davis,* 85 Conn. 394, 398, 82 A. 1025; but not when the motion is in effect, as here, a demurrer. *Cole* v. *Hawley,* 95 Conn. 587, 592, 111 A. 892.

When the case was given to the jury, an interrogatory was submitted to them as to whether any defect in the railing was a substantial factor in producing the plaintiffs' injuries, and they answered in the negative. This obviates any necessity of considering the charge as to liability of the defendant on that ground. *Moore* v. *Waterbury Tool Co.,* 124 Conn. 201, 215, 199 A. 97. The defendant, however, makes the further claim that the charge on the notices required under both statutes must have confused the jury and, specifically, that, whereas the court instructed the jury in effect that it was a question of fact for them to decide whether there was sufficient notice under the railing statute, in view of the saving clause, it failed to charge them as to their duty under § 1481, which has no saving clause. Connected with this assignment of error is a further one for failure of the court to charge, in response to a request, that the

plaintiffs were required to prove that the defects complained of in their written notices were the sole cause of their injury. The position the trial court took on this matter is disclosed in a colloquy between court and counsel in connection with exceptions taken after the charge had been delivered. The defendant excepted to the charge on the ground that it conveyed the impression to the jury that the matter of notice under § 1481 was of no concern to them but was for the court to determine. The trial court stated that its theory of the case was that in the absence of a saving clause in the statute "the sufficiency of any notice is entirely a legal question for the decision of the court and not of the jury." The plaintiffs contend in their brief that this was a correct exposition of the law and cite *Sizer* v. *Waterbury,* 113 Conn. 145, 155, 154 A. 639, as authority. That was a case brought under a statute containing a saving clause identical with that in § 301g. The contention in that case was that the effect of the charge was to leave the sufficiency of the notice to the jury "no matter what kind of a notice had been filed" and that the question was one for the court. We stated that this contention was unsound; that the court did determine the legal effect of the notices; but that whether the notices were served and whether they were intended to be or were misleading were questions of fact to be determined by the jury. By reference to the determination of the "legal effect" in that decision, we meant that the court determined whether the notice failed entirely to meet the requirements of the statute as to a general description of the injury, its cause and the place and time of its occurrence. *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 402, 167 A. 826; *Marino* v. *East Haven,* 120 Conn. 577, 580, 182 A. 225; *Mascagna* v. *Derby,* 123 Conn.

684, 194 A. 728; *Main* v. *North Stonington*, 127 Conn. 711, 713, 16 A. 2d 356. In such a case, the court might treat the question as one of law. *Johnson* v. *Pulidy*, 116 Conn. 443, 445, 165 A. 355.

The notice is to be tested with reference to the purpose for which it is required. The purpose of the requirement of notice is "to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." *Cassidy* v. *Southbury*, 86 Conn. 45, 49, 84 A. 291; *Sizer* v. *Waterbury*, supra, 156; *Christian* v. *Waterbury*, 123 Conn. 152, 155, 193 A. 602. Unless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case. The notice here recites that in attempting to cross the bridge the plaintiffs' truck, because of an icy condition on the bridge, skidded and crashed into an abutment. The defendant claims to have proved that for 300 feet south of the bridge the highway formed a curve and that the truck started to skid on ice on the curve. The cause of the injury required to be stated is the defective condition of the highway which brought about the injury. *Nicholaus* v. *Bridgeport*, supra, 401. The condition in this case was indeed an icy pavement but the defendant was entitled to know its location. Whether or not the notice adequately described this was a question for the jury under suitable instruc-

tion as to the law. *Judd* v. *New Britain,* 81 Conn. 300, 305, 70 A. 1028.

In issue were the questions whether the defendant had actual or constructive notice of the ice claimed to have made the bridge defective, whether his supervision of the highway was reasonable, how long the ice causing the skid had existed and what was its origin. The plaintiffs had offered evidence that at various points north of the bridge within an hour after the accident there were patches of ice similar to that at Castle Bridge, where the road was close to the river. The defendant called as a witness the foreman in charge of maintenance of the section including the bridge and the road north and south of it and asked him as to the condition of the highway about a mile north of the bridge. The plaintiffs objected on the ground of remoteness. The defendant then stated that, for the purpose of showing that the ice on and near the bridge was of a temporary character and had recently formed from mist rising from the river, he proposed to prove that at 6:15 a.m. there was no ice on the highway at a place where conditions were similar to those at the bridge, and where officers had testified that later there was ice. The evidence was excluded, presumably on the ground of the objection. The defendant in his brief claims as a further ground for its admission that it showed reasonable inspection by the defendant under our ruling in *Tirendi* v. *Waterbury,* 128 Conn. 464, 468, 23 A. 919. As to the latter ground, "So far as appears, it is raised for the first time in this court, and we do not consider it." *Petrillo* v. *Kolbay,* 116 Conn. 389, 395, 165 A. 346; Conn. App. Proc., p. 61. As to the first ground, a trial court has a wide discretion as to the admission of questions involving relevancy and remoteness; *Knox* v. *Binkoski,* 99 Conn.

582, 586, 122 A. 400; Conn. App. Proc. § 37; but no litigant can be deprived of the right to support his cause by the introduction of evidence tending to prove all facts upon which issue has been joined, provided it is relevant and not excluded by some rule of law. *Moran* v. *New York, N. H. & H. R. Co.,* 107 Conn. 454, 457, 140 A. 818. No question was raised as to the order of proof and we must assume that the defendant could follow up this testimony in accordance with his proposal. If he did so he might have been able to present to the jury evidence from which they could have inferred that the ice at the place of accident had formed not twenty hours before it occurred but less than five hours. There was error in excluding the question. The court properly excluded a question in the direct examination of the same witness as to whether in consequence of anything he saw on the highway that morning he went or sent anyone to the bridge. That he did neither was not disputed, and the only effect of the question would be to show that the particular witness, charged with oversight of the highways, did not deem it necessary to go or send anyone to the bridge. The test of reasonable care is objective, not subjective; *Weimer* v. *Brock-Hall Dairy Co.,* 131 Conn. 361, 367, 40 A. 2d 277; and the ruling was correct.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.