[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #111
The plaintiff, Ruth Tedesco, commenced this action against the defendant, State of Connecticut, Department of Transportation, for personal injuries. The complaint alleges that on April 13, 1990 a hole in a sidewalk caused the plaintiff to fall and sustain personal injuries. General Statutes 13a-144 governs actions brought against the Department of Transportation for injury to persons and property caused by a defective highway.
The plaintiff served a statutory notice of the accident and damages on May 7, 1990. In the notice the plaintiff described the location of the accident as "on a sidewalk on Route 202 . . . in the Town of Torrington at the bridge known as `the Center Bridge' while walking north on the eastern side of the bridge, in the area adjacent to the Downtown Torrington Shopping Center." The plaintiff states that a police report was prepared on April 16, 1990 by the Torrington police Department. The police report was appended to the purported notice. This police report, however, does not indicate with any greater specificity the location of the accident. On May 21, 1993 the defendant filed a motion to dismiss the plaintiff's complaint on the ground that it failed to comply with the statutory requirements of General Statutes 13a-144. On May 26, 1993 the plaintiff filed a memorandum in opposition to the motion to dismiss.
The motion to dismiss is provided for in Practice Book Sections 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book Section 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701, 710,579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book Section 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988). The doctrine of sovereign immunity implicates subject matter jurisdiction and is grounds for granting a motion to dismiss. Amore v. Frankel, 29 Conn. App. 565, 568, 616 A.2d 1152
(1992).
The issue now before this court is whether the plaintiff provided the defendant with sufficient notice to satisfy the requirements of General Statutes 13a-144.
"`It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases.'" (Citations omitted.) White v. Burns, 213 Conn. 307, 312, CT Page 6288567 A.2d 1195 (1990). The plaintiff's cause of action is based upon General Statutes 13a-144. This statute provides recovery for injuries sustained on defective state highways. General Statutes 13a-144
provides in pertinent part:
 No such action shall be brought except within two years from the date of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner.
General Statutes 13a-144.
"General Statutes 13a-144 created a cause of action `wholly unauthorized by the common law.' Wethersfield v. National Fire Ins. Co., 145 Conn. 368, 371, 143 A.2d 454 (1985). Zotta v. Burns,8 Conn. App. 169, 173, 511 A.2d 373 (1986). A cause of action which is purely statutory, such as that created by General Statutes13a-144 must be strictly construed. Id., at 173. The giving of sufficient notice is a condition precedent to bringing an action. Schapp v. Meriden, 139 Conn. 254, 256, A.2d (1952), citing Morico v. Cox, 134 Conn. 218, 220, 56 A.2d 522 (1947).
The description must meet the statutory requirements in order to withstand a motion to dismiss. Bresnan v. Frankel, 224 Conn. 23,24, ___ A.2d ___ (1992). "Ordinarily, the question of the adequacy of notice is one for the jury and not for the court." Morico v. Cox, supra, 223. "Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice `patently meets or fails to meet'; [Morico v. Cox, 134 Conn. 218, 220, 56 A.2d 522 (1947)] the statutory requirements." Zotta v. Burns, supra, 173.
The sufficiency of notice is tested with reference to the purpose for which it is required. Moffett v. Burns, 3 CSCR 636
(Sup.Ct., Pickett, J.), aff'd, 18 Conn. App. 821, 559 A.2d 1190, cert. denied, 212 Conn. 806, 561 A.2d 947 (1989). "The purpose of the requirement of notice is `to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.' Cassidy v. Southbury, 86 Conn. 45, 49 (1912)." Morico CT Page 6289 v. Cox, supra, 223. In applying this test to the case at bar, the purported notice fails to meet the statutory requirements of General Statutes 13a-144 as a matter of law.
In the notice to the defendant, the plaintiff described the location of the accident as "on a sidewalk on Route 202 . . . in the Town of Torrington at the bridge known as `the Center Bridge' while walking north on the eastern side of the bridge, in the area adjacent to the Downtown Torrington Shopping Center." This description does not set forth with a reasonable degree of specificity the location of the accident so as to furnish the State Department of Transportation a reasonable guide to preserve its interest and conduct inquiries, specifically, to investigate the alleged hole in the sidewalk at the location. In Schaap v. Meriden, the Connecticut Supreme Court held a notice describing the location in indefinite terms to be insufficient as a matter of law.
More recently, in Collins v. Meriden, 41 Conn. Sup. 425, 427, 580 A.2d 549 (1990), the court determined that notice was insufficient where the plaintiff stated that her injuries occurred on a sidewalk located "adjacent to the front of the premises known as 243 West Main Street, Meriden, Connecticut." Id. The notice in the present case is even less specific than that discussed in Schaap v. Meriden, supra, or Collins v. Meriden, supra. Nor can the plaintiff rely on the police case report prepared by the Torrington Police Department on April 16, 1990 which was attached to the plaintiff's notice because the police report does not indicate with any greater specificity the location of the accident.
For all of the foregoing reasons, as a matter of law, the plaintiff has failed to provide the defendant with sufficient notice as required by General Statutes 13a-144. Therefore, the defendant's motion to dismiss is granted.
PICKETT, J.