[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Commissioner of Transportation has moved to dismiss the above-captioned defective highway claim on the ground that the plaintiff failed to file the notice required for the maintenance of such a claim.
In her original complaint, the plaintiff did not allege that any notice of the claim was filed. After the motion to dismiss was filed, the plaintiff sought leave to file an amended complaint. At oral argument, the parties agreed that leave to amend should be granted and that the motion to dismiss to be CT Page 5966 decided is the one directed to the amended complaint.
In her amended complaint, the plaintiff alleges at paragraph 19 that she "provided notice to the Highway Commissioner on or about November 28, 1994," and she attaches the claimed notice of an injury arising on October 17, 1994 from an alleged defect in a road claimed to be a state highway.
The notice referred to is not directed to the Commissioner of Transportation but to the Claims Commissioner.
An adjusting service acting on behalf of the plaintiff sent a letter dated November 18, 1994 to the State Department of Transportation requesting copies of permits for road work on Fitch Street. That letter, which the plaintiff also claims fulfilled the notice requirement, contains a caption stating "Re: Crystal Carroll loss of 10/17/94." It does not describe any injury or cause.
General Statutes § 13a-144, the state defective highway statute, authorizes suits against the commissioner of transportation for injuries resulting from defective highways that are the duty of that commissioner to maintain. The statute provides that "[n]o such action shall be brought . . . unless notice of such injury and a general description of the same and cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner."
The Supreme Court has stated that "[t]he notice requirement contained in § 13a-144 is a condition precedent which, if not met, will prevent the destruction of sovereign immunity;" Lussierv. Department of Transportation, 228 Conn. 343, 354 (1994); such that "[i]f this requirement is not met, no cause of action exists." Warkentin v. Burns, 223 Conn. 14, 18 (1992).
The Court stated in Warkentin that "statutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed. Id., Berger, Lehman Associates, Inc. v. State,178 Conn. 352, 356 (1979).
The plaintiff takes the position that the notice she filed with the Commissioner of Claims was sufficient to constitute notice to the commissioner of transportation. This position CT Page 5967 cannot be approved without failing to give effect to the words of the statute, which unambiguously require notice to the commissioner of transportation, not to other state officials.
The plaintiff also suggests that the inquiry from the adjusting company satisfied the requirement of notice. The Supreme Court rejected such a form of notice in Bresnan v.Frankel, 224 Conn. 23, 27 (1992).
Where a plaintiff gives notice to the commissioner of transportation but the completeness of the information contained in the notice is disputed, the issue of the adequacy of the notice is to be decided by the trier of fact. Lussier v.Department of Transportation, 228 Conn. 354; Morico v. Cox,134 Conn. 218 (1947). Where, however, a notice is patently inadequate under the statute, the issue is a matter of threshold jurisdiction to be determined by the court. Lussier v. Departmentof Transportation, 228 Conn. 354; Bresnan v. Frankel, 224 Conn. 23,27-28 (1992); Zotta v. Burns, 8 Conn. App. 169, 173 (1986).
The plaintiff suggests that this court must determine whether the Commissioner was actually prevented from investigating the claimed defect within ninety days. The Court rejected this approach in Bresnan v. Frankel, 224 Conn, 23, 26 n. 3: "[w]e need not inquire whether the commissioner was actually misled by the failure of notice. We note that General Statutes § 13a-144
does not contain a savings clause such as that found in the municipal highway liability statute, § 13a-149, and therefore the notice requirement must be strictly construed. See Morico v.Cox, 134 Conn. 218, 220-21, 56 A.2d 522 (1947)."
The notice furnished by the plaintiff was patently not in compliance with the requirements of the statute that allows suits against the state for injuries caused by a defective state highway, and the claim is therefore barred by the doctrine of sovereign immunity.
The motion to dismiss is granted.
Beverly J. Hodgson Judge of the Superior Court CT Page 5968