[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Walter and Rhoda Brown filed a four-count complaint[1]
alleging that on January 12, 1996, Walter Brown was struck in his car by "a tremendous amount of snow" that a truck from the Connecticut Department of Transportation plowed over the railing on Interstate 84. In count one of the complaint, Walter Brown seeks recovery under Sec. 13a-144 of the General Statutes and, under count two of the complaint, Rhoda Brown seeks recovery for loss of consortium. The defendant has filed a motion to dismiss both of these counts for lack of subject matter jurisdiction.
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter[.]" Practice Book § 143. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citation omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544; Third TaxingDistrict v. Lyons, 35 Conn. App. 795, 803, cert. denied,231 Conn. 936. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Footnote omitted.) Upson v. State, 190 Conn. 622, 624. CT Page 7743
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Amore v. Frankel, 228 Conn. 358, 364. "The state, which ordinarily would not be liable, permit[s] itself, as a matter of grace, to be sued under the express conditions of [General Statutes § 13a-144]." White v. Burns, 213 Conn. 307,312. "The statutorily required notice is a condition precedent to maintaining a cause of action, and if this requirement is not met, no cause of action exists." Bresnan v. Frankel, 224 Conn. 23,26.
The first issue is whether Walter Brown's notice of claim is so patently defective that the court lacks subject matter jurisdiction over his claim. The sufficiency of notice is normally a question for the jury. Morico v. Cox, 134 Conn. 218,223-24; Bassin v. Stamford, 26 Conn. App. 534, 539 (involving claim under General Statutes § 13a-149); see also Donnelly v.Ives, 159 Conn. 163, 167 (finding no material difference between the obligations imposed on the state by Sec. 13a-144 and the obligations imposed on the municipalities by Sec. 13a-149). However, before submitting the question to the jury, the trial court must first determine whether the notice "patently meets . . . statutory requirements." Morico v. Cox, supra; Zottav. Burns, 8 Conn. App. 169, 173-74.
When testing the sufficiency of the notice, the court must "refer to the purpose for which it is required." Morico v. Cox; supra. The purpose of the notice requirement is not "merely to alert the commissioner of the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit."Warkentin v. Burns, 223 Conn. 14, 18.
Here, the defendant argues that Walter Brown's notice is patently defective because the notice did not specifically allege what had caused his injury. See Nicholaus v. Bridgeport,117 Conn. 398, 401 (requiring plaintiffs to state the cause of their injuries in their notice of claims); Collins v. Meriden,41 Conn. Sup. 425, 427. The defendant asserts that Walter Brown's notice of claim did not specify whether a defect in the railing had caused his injury; rather, the notice merely described the occurrence of the injury as a Department of Transportation truck plowing "a tremendous amount of snow over the railing of Interstate 84 onto East Franklin Street."[2]
CT Page 7744
While the plaintiffs' notice of claim could have been more specific regarding the cause of Mr. Brown's injuries, a reasonable jury could infer from the notice's description of the accident that the condition of the railing is at issue. Therefore, the description in Walter Brown's notice of claim was sufficiently detailed to provide the commissioner with sufficient information to investigate his claim. See Warkentin v. Burns,
supra, 223 Conn. 18; Morico v. Cox, supra, 134 Conn. 223; see also Lussier v. Department of Transportation, (Citations omitted; alterations in original; quotation marks omitted.) 228 Conn. 343,354 (noting that the notice requirement "was not devised as a means of placing difficulties in the path of an injured person. The purpose [of notice is] . . . to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts upon which a claim for damages [is] being made."). The defendant's motion to dismiss the first count of the plaintiffs' complaint is, accordingly, denied.
The motion to dismiss Rhoda Brown's loss of consortium claim contained in count two of the complaint is also under attack; "Although General Statutes § 13a-144 gives the injured traveler the right to recover against the state, it does not permit the recovery of damages for loss of consortium." Murray v.Commissioner of Transportation, 31 Conn. App. 752, 756-57 (1993) (holding that loss of consortium claim against the state is barred by the doctrine of sovereign immunity); Amore v. Frankel,29 Conn. App. 565, 573, rev'd on other grounds, 228 Conn. 369. Additionally, the plaintiff, Rhoda Brown, finding no contrary authority, concedes the defendant's motion to dismiss count two of her complaint.[3]
Count two (2) is, accordingly, dismissed.
Moraghan, J.