[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS (#109)
Motion Denied. As set forth hereafter the court concludes that on its face as a matter of law the notice is not patently invalid and therefore the question of its adequacy is for the jury. Morico v. Cox, 134 Conn. 218,223-24 (1947).
The defendant argues the notice is defective in that it insufficiently states the cause of her alleged fall. In her notice the plaintiff states she fell on an "uneven and unstable" portion of the sidewalk in front of 248 Goffe Terrace as she was exiting her vehicle. The plaintiff has supplied the singular particular nature of the defect upon which she relies. Unlike Beisiegel, the plaintiff has not alleged multiple causes. The plaintiff has not involved several different theories leaving the defendant to speculate. Unlike Hall the plaintiff has specified why there was an irregularity.
It appears that the specificity of the notice as to causation was sufficient to meet the purposes of the notice requirement enumerated inPratt v. Old Syabrook, 225 Conn. 177, 182 (1993).
Morever, the information supplied is sufficient to invoke the savings clause in § 13a-149. That clause demonstrates that the legislature intended that § 13a-149 be liberally construed in favor of the plaintiff. Id., p. 183.
LICARI, J.