[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON STATE'S MOTION TO DISMISS
In this slip and fall action by the plaintiff, Arlene Ellis, against several defendants including the state department of transportation under General Statutes § 13a-144, the state moves to dismiss because plaintiff's notice required under the statute omitted the name of the town where the accident occurred.
The accident occurred in Meriden on August 18, 1999 and the notice, received by the state on September 28, 1999, describes the place of the accident as follows:
"On the paved asphalt island that abuts the Park Ride parking lot and the crosswalk on North Broad Street. See attached diagram for more specific references."
In describing the accident, the notice states that "Mrs. Ellis fell on or tripped over a raised 13" x 13" cement slab with elevated screws surrounding an 8 3/4" circular hole . . ."
The attached diagram consists of a hand drawn map, showing North Broad Street, the crosswalk and the asphalt island, specifically locating the slab and hole. The map also refers to the closest utility pole by number and shows the location directly across the street from "San Souci".
The complaint in this case, served on the state on February 6, 2001, specifically mentions Meriden as the town in which the accident took place.
§ 13a-144 requires the notice to contain the "time and place of its occurrence".
While there are numerous superior court cases dealing with the adequacy of a place description in a required notice, the definitive guidelines have been restated by our Supreme Court in Lussier v. Department ofTransportation, 228 Conn. 346, 354 (1994), as follows: CT Page 1993
 "The requirement as to notice was not devised as a means of placing difficulties in the path of an injured person. The purpose [of notice is] . . . to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts upon which a claim for damages [is] being made.' (Emphasis added.) LaRusso v. Hill, 139 Conn. 554, 557, 95 A.2d 698 (1953); Schaap v. Meriden, 139 Conn. 254, 256, 93 A.2d 152 (1952); see Murray v. Milford, 380 F.2d 468, 473 (2d Cir. 1967). The notice requirement is not intended merely to alert the commissioner of the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit. Morico v. Cox, 134 Conn. 218, 223, 56 A.2d 522 (1947)." Warkentin v. Burns, supra, 18. "The purpose of the requirement of notice is `to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.' Cassidy v. Southbury, 86 Conn. 45, 49, 84 A. 291. [1912]; Sizer v. Waterbury, [113 Conn. 145, 156, 154 A. 639 (1932)]; Christian v. Waterbury, 123 Conn. 152, 155, 193 A. 602 [1937]. Unless a notice, in describing the place or cause of any injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case." Morico v. Cox, supra.
While the clerical error in omitting the name of the town is hardly trivial, the notice and the attached diagram cannot be said to "patently fail" the tests set forth in Lussier. The references to North Broad Street, the "Park Ride Lot", the numbered utility pole and the across-the-street location of San Souci, allegedly a well known restaurant, appears sufficient to enable one of ordinary intelligence, using ordinary diligence to ascertain where the accident occurred and the exact location of the defect, Bassin v. Stamford, 26 Conn. App. 534, 539
(1992). After all, the "Park Ride Lot" is one of several owned and operated by the state, and some directory of those lots undoubtedly CT Page 1994 exists. At the very least, the adequacy of the notice should be considered by the jury based on all the facts. Lussier, supra.
Motion to Dismiss denied.
J. Wagner, TJR