******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

# ANGELA DUDLEY *v.* COMMISSIONER OF TRANSPORTATION ET AL.
## (AC 40702)

DiPentima, C. J., and Prescott and Bright, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant Commissioner of Transportation for injuries she sustained as a result of an allegedly defective manhole cover, which flipped up when she stepped onto it, causing her to lose her balance and fall into the manhole. The defendant filed a motion to dismiss the action, claiming, inter alia, that the written notice of claim, which the plaintiff had filed pursuant to the state highway defect statute (§ 13a-144), was patently defective because it failed to provide the defendant with sufficient notice of the location of the allegedly defective manhole cover, which thereby deprived the court of subject matter jurisdiction. The trial court concluded that the notice met the minimum requirements of § 13a-144 and rendered judgment denying the motion to dismiss, from which the defendant appealed to this court. *Held*:

1. The trial court properly denied the defendant's motion to dismiss, as the plaintiff's written notice of claim provided sufficient information regarding the location of the allegedly defective manhole cover and, therefore, was not patently defective; contrary to the defendant's claim that the notice was vague and inaccurate and, thus, implicated the state's sovereign immunity, the plaintiff provided the defendant with notice describing the location of the defective manhole cover as on the sidewalk at the intersection of two state roads and stating that she had fallen into the sewage drainage system running underneath the sidewalk, and although the notice contained some descriptions of the location that were technically imprecise or vague, cartographical precision was not a legal requirement, and the notice, when viewed in light of the additional context provided therein, reasonably could be construed as containing sufficient information to identify the allegedly defective manhole cover at issue, because even though there were three manholes at the intersection in question, only one could be regarded as within a sidewalk area as described by the plaintiff.

2. The defendant's claim that the statutory waiver of sovereign immunity did not apply because the state did not have a duty to maintain the sidewalk area in question and that its responsibility to maintain sidewalks extended only to the limited sidewalks on which a statute conferred such duty was unavailing; even though the incident allegedly occurred adjacent to, as opposed to directly on, a state highway, the allegedly defective manhole cover was within the definition of a highway defect pursuant to § 13a-144, as the record reflected that the allegedly defective manhole cover was located near the traveled portion of the state highway, arguably within the state's right-of-way line, and that the allegedly defected manhole cover served the state owned and operated highways, and existed solely to service the state highway as a means of access to the storm drain; moreover, a question of fact remained as to whether the waiver of sovereign immunity applied because the manhole in question was located between the state owned road and a stone wall, and there were no survey or boundary markers to delineate the state's right-of-way lines along the adjacent road to the allegedly defective manhole cover.

3. Contrary to the defendant's claim, the plaintiff could be considered a traveler on a highway for purposes of § 13a-144; although the defendant claimed that the plaintiff was a pedestrian traveling by foot and had not ventured incidentally onto the sidewalk and, therefore, that her travel was not for a purpose connected with travel over a state highway within the meaning of § 13a-144, the state may be held liable for injuries occurring in an area adjacent to a state highway, and a finder of fact reasonably could have concluded that her travel was incidental to and for purposes of travel on a highway, as the plaintiff testified that it was her intention to cross the intersection in question, and the notice alleged

that she was walking on foot toward the state owned highway on the sidewalk.

Argued February 14—officially released August 6, 2019

*Procedural History*

Action to recover damages for, inter alia, personal injuries sustained as a result of an allegedly defective state highway, and for other relief, brought to the Superior Court in the judicial district of New London, where the action was withdrawn as against the defendant city of New London; thereafter, the court, *Cole-Chu, J.*, denied the named defendant's motion to dismiss, and the named defendant appealed to this court. *Affirmed.*

*Lorinda S. Coon*, with whom, on the brief, was *Jessica M. Scully*, for the appellant (defendant).

*Thor Holth*, with whom, on the brief, was *Lorena P. Mancini*, for the appellee (plaintiff).

*Opinion*

PRESCOTT, J. In this action, brought, in part, pursuant to the state defective highway statute, General Statutes § 13a-144,[1] the defendant, James P. Redeker, the Commissioner of Transportation (state),[2] appeals from the judgment of the trial court denying the state's motion to dismiss the claims asserted against it on sovereign immunity grounds.[3] The state claims that the court improperly denied the motion to dismiss because (1) the notice of claim (notice) provided by the plaintiff, Angela Dudley, pursuant to § 13a-144, was patently defective in its description of the location of the alleged defect, and (2) the state did not have a duty to maintain and repair the area in question. We affirm the judgment of the trial court.

The plaintiff alleges the following facts.[4] On or about June 5, 2012, the plaintiff was walking on the sidewalk adjacent to Route 643, Lee Avenue, in New London, and was heading toward Route 213, Ocean Avenue. On or about June 1, 2012, and for several months prior, new utilities had been placed under the paved portion of Ocean Avenue, in an area close to Lee Avenue. During the course of construction, a manhole or inspection plate located at the intersection of Lee and Ocean Avenues was opened so that workers could access items underneath. Once the work was completed, one or more employees, agents, servants, or subcontractors for the state replaced the manhole cover in such a manner as to leave it dislodged or otherwise unstable.

When the plaintiff arrived at the portion of the sidewalk located at the corner of Ocean and Lee Avenues, she stepped onto the manhole cover, which was located in the grassy embankment between the sidewalk area and the adjacent street. When she stepped onto the manhole cover, it flipped up and struck her. The plaintiff lost her balance and fell through the exposed manhole into the sewage drain system. Consequently, the plaintiff suffered physical injury, emotional distress, and has a diminished capacity to earn a living.

The plaintiff provided the state with written notice on August 8, 2012, advising the state of the injuries she sustained from the allegedly defective manhole cover. The notice describes the place of injury as "[s]idewalk and/or intersection of Lee Avenue and Ocean Avenue, New London, Connecticut." It further states, in relevant part: "Cause of Injury and Defect: At approximately 5:20 p.m., June 5, 2012, [the plaintiff] was walking towards and/or onto Ocean Avenue, a State of Connecticut owned or maintained road, with due care along and/or upon the sidewalk located at the northeast side of the intersection of Ocean Avenue and Lee Avenue when she was caused to fall by her foot landing on an improperly placed or replaced manhole cover which flipped/tipped up and struck her, causing her to lose her balance

and fall partially into the manhole and thereafter fail to regain her balance. The incident was caused by the defective and/or dangerous condition of the sidewalk and/or manhole cover, the State of Connecticut Department of Transportation's failure to remedy same, and/or its agents', servants' and/or employees' failure to remedy same. . . .

"As a result of her fall, [the plaintiff] was caused to fall into the sewage drainage system running under the sidewalk and/or street and was caused to land knee-deep in the contaminated water therein."

The plaintiff commenced this action on May 28, 2014. The operative complaint, filed on December 16, 2014, alleges four counts. The first count alleges that the plaintiff is entitled to relief against the state pursuant to § 13a-144. The second count is a municipal highway defect claim against the city pursuant to General Statutes § 13a-149. The third and fourth counts sound in negligence and nuisance, respectively, and are directed against the director of the New London Public Works, Timothy Hanser.[5]

On August 11, 2015, pursuant to Practice Book § 10-30 et seq., the state filed a motion to dismiss count one of the complaint, arguing that the plaintiff had failed to comply with the notice requirements of § 13a-144 and, therefore, her action against the state was barred by sovereign immunity. In its original motion to dismiss, dated August 11, 2015, the state claimed that the notice was patently defective for three reasons: (1) the location of the alleged incident was different from that which the plaintiff identified in her complaint; (2) the notice of the claim identified multiple locations; and (3) the area described in the notice contained multiple manhole covers. The state filed an amended motion to dismiss on December 15, 2015, which incorporated the three reasons set forth in its original motion to dismiss and additionally alleged that count one was barred by sovereign immunity because the plaintiff did not allege that the incident occurred on a state highway and, therefore, the state did not have a duty to maintain or repair the sidewalk on which the plaintiff allegedly was injured. The court heard oral argument on the state's motion to dismiss on June 30, 2016. On August 17, 2016, the court received the last of several posthearing briefs on the matter.

The court filed a memorandum of decision on June 9, 2017, rejecting all four of the state's claimed grounds for dismissal. In its analysis, the court consolidated its discussion of the first three grounds related to whether the plaintiff's notice was patently defective. Recognizing that the purpose of such notice is to provide the state with adequate information upon which it can make a timely investigation of the alleged facts, the court concluded that the notice provided sufficient factual information upon which the state reasonably could

identify the location of the allegedly defective manhole cover. In particular, the court noted that the notice states that the plaintiff was walking on a sidewalk at the time of the incident and, further, that only one of the manhole covers in the area described in the notice is located within a sidewalk. Accordingly, the court concluded that the notice was not patently defective.

As to the fourth ground of the amended motion to dismiss, the court determined that the plaintiff's argument was not that the state had a duty to maintain the sidewalk, but instead, that the state had a duty to maintain the allegedly defective manhole cover. It concluded that further factual development was necessary to resolve this matter and, thus, rejected the state's argument that it is not liable as a matter of law. This appeal followed. Additional facts and procedural history will be set forth as necessary.

We begin by setting forth the relevant principles of law and the applicable standard of review. "It is the established law of our state that the state is immune from suit unless the state, by appropriate legislation, consents to be sued. . . . The legislature waived the state's sovereign immunity from suit in certain prescribed instances by the enactment of § 13a-144. . . . The statute imposes the duty to keep the state highways in repair upon . . . the commissioner . . . and authorizes civil actions against the state for injuries caused by the neglect or default of the state . . . by means of any defective highway . . . . There being no right of action against the sovereign state at common law, the [plaintiff] must first prevail, if at all, under § 13a-144. . . .

"[T]he doctrine of sovereign immunity implicates [a court's] subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . In ruling on a motion to dismiss for lack of subject matter jurisdiction, the trial court must consider the allegations of the complaint in their most favorable light . . . including those facts necessarily implied from the allegations . . . ." (Citations omitted; internal quotation marks omitted.) *Giannoni* v. *Commissioner of Transportation*, 322 Conn. 344, 348, 141 A.3d 784 (2015).

"When [deciding] a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint alone, [a court] must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . .

"In contrast, if the complaint is supplemented by undisputed facts established by [1] affidavits submitted in support of the motion to dismiss . . . [2] other types of undisputed evidence . . . and/or [3] public records of which judicial notice may be taken . . . the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. . . . Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts] . . . ."[6] (Footnote added; internal quotation marks omitted.) *Norris* v. *Trumbull*, 187 Conn. App. 201, 209, 201 A.3d 1137 (2019).

"Conversely, where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts. . . . Likewise, if the question of jurisdiction is intertwined with the merits of the case, a court cannot resolve the jurisdictional question without a hearing to evaluate those merits. . . . An evidentiary hearing is necessary because a court cannot make a critical factual [jurisdictional] finding based on memoranda and documents submitted by the parties. . . . The trial court may [also] in its discretion choose to postpone resolution of the jurisdictional question until the parties complete further discovery or, if necessary, a full trial on the merits has occurred. . . .

"We review a trial court's denial of a motion to dismiss on the ground of sovereign immunity, based on an application of § 13a-144, de novo." (Citations omitted; internal quotation marks omitted.) *Giannoni* v. *Commissioner of Transportation*, supra, 322 Conn. 350.

I

The state claims that the court improperly denied its motion to dismiss because the notice provided by the plaintiff pursuant to § 13a-144 was patently defective. The state contends that the notice was so vague and inaccurate with respect to the location of the alleged defect that the plaintiff failed to provide sufficient information upon which the state could investigate the plaintiff's complaint. We disagree.

"The notice requirement contained in § 13a-144 is a condition precedent which, if not met, will prevent the destruction of sovereign immunity." *Lussier* v. *Department of Transportation*, 228 Conn. 343, 354, 636 A.2d 808 (1994). "The notice [mandated under § 13a-144] is to be tested with reference to the purpose for which it is required. . . . The [notice] requirement . . . was not devised as a means of placing difficulties in the path of an injured person. The purpose [of notice is] . . . to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts upon which a claim for damages [is] being

made. . . . The notice requirement is not intended merely to alert the commissioner to the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit. . . . [In other words] [t]he purpose of the requirement of notice is to furnish the [commissioner] such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection. . . .

"With respect to the degree of precision required of a claimant in describing the place of the injury, in many cases exactness of statement as to place cannot be expected, for the excitement and disturbance caused by the accident . . . make it impossible to observe with any carefulness the place where the accident occur[red] . . . . In such cases reasonable definiteness is all that can be expected or should be required. . . .

"Such precision is, therefore, not essential in order to comply with § 13a-144. . . . [Rather] [u]nder § 13a-144, the notice must provide sufficient information as to the injury and the cause thereof and the time and place of its occurrence to permit the commissioner to gather information about the case intelligently." (Citations omitted; internal quotation marks omitted.) *Filippi* v. *Sullivan*, 273 Conn. 1, 9–10, 866 A.2d 599 (2005).

Applying these principles, we conclude that the court correctly determined that the plaintiff's notice was not patently defective. In the present case, the notice described the site of the alleged incident as the "[s]idewalk located at the northeast side of the intersection of Ocean Avenue and Lee Avenue . . . ." Both parties agree that the area in question contains three manholes. The state, thus, argues that the notice did not adequately identify the allegedly defective manhole. Moreover, according to the state, it was not until the plaintiff was deposed on April 7, 2015, that the state received sufficient information upon which it could identify the specific manhole alleged to be defective.

Notice is patently defective if it (1) states a location different from the actual place of injury, or (2) is so vague that the commissioner could not reasonably be expected to make a timely investigation on the basis of the information provided. *Filippi* v. *Sullivan*, supra, 273 Conn. 10 n.6 (2005). The state contends that the notice was patently defective on both grounds. First, the state contends that the notice was inaccurate as to the actual place of injury because no manhole was located at the "northeast side" of the intersection, but instead, was located at the northwest area of the intersection. The state additionally contends that the notice

was vague because it was worded in such a way so as to not commit to a specific location, but instead, described the location as the "[s]idewalk and/or intersection of Lee Avenue and Ocean Avenue" and alleged that the plaintiff "was walking towards and/or onto Ocean Avenue," and "along and/or upon the sidewalk."

Mathematical precision, however, is not required to notify adequately the commissioner of the location of a defect. *Lussier* v. *Department of Transportation*, supra, 228 Conn. 358 ("[t]he plaintiff is not required to be a cartographer in order to be able to describe adequately to the commissioner the location of the defect"). In *Filippi*, our Supreme Court held that a notice was not patently defective, even though the notice described the place of injury as two different locations that were 1.6 miles apart, because additional context provided in the notice established that the injury could have occurred only at one of those two points. *Filippi* v. *Sullivan*, supra, 273 Conn. 10–11. By contrast, in *Schaap* v. *Meriden*, 139 Conn. 254, 257, 93 A.2d 152 (1952), the plaintiff's notice was patently defective in that it described the allegedly defective condition as "near the edge of a manhole cover," without any additional context.

In the present case, the notice includes additional context from which the state could discern the specific allegedly defective manhole cover. One manhole cover is located on Ocean Avenue, close to the middle of the road. Another manhole cover is located on the southwest side of Ocean Avenue. A third manhole cover is surrounded by pavement and slightly elevated above the street on the northwest corner of the intersection between Ocean and Lee Avenues.

Of the three manholes at the intersection in question, only the third manhole cover reasonably could be regarded as within a sidewalk area. Although the third manhole cover is not located upon the sidewalk itself, it is surrounded by pavement on the otherwise grassy strip of land between the sidewalk and the highway. The other two manhole covers are located on the highway pavement.[7] Accordingly, the plaintiff's notice indicates that the plaintiff was walking "along and/or upon the sidewalk" at the time of the alleged incident, which reasonably could be read to identify the sole manhole cover located near the sidewalk. Additionally, the notice alleges that the plaintiff was walking "towards and/or onto Ocean Avenue," which reasonably could be understood, at a minimum, to eliminate the manhole cover located at the middle of the area that comprises the intersection of the two streets.

We acknowledge that the notice contained some descriptions of the location that arguably are technically imprecise or vague. For example, the notice indicates that the allegedly defective manhole was located at the "northeast side of the intersection of Ocean Ave-

nue and Lee Avenue," whereas the record reflects that Lee Avenue terminates in a T-intersection along the southwestern side of Ocean Avenue, and, thus, the "northeastern side" of the intersection would actually be wholly located on Ocean Avenue, not at the intersection at all.[8] Nevertheless, cartographical precision is not a legal requirement; see *Lussier* v. *Department of Transportation*, supra, 228 Conn. 358; and, if the notice is viewed in the light of the additional context provided, the notice reasonably can be construed as containing sufficient information to identify the allegedly defective manhole cover at issue, notwithstanding the reference to the "northeast side of the intersection."

We conclude that the plaintiff's notice afforded the state sufficient information to comply with the notice requirement contained in § 13a-144. Accordingly, the state's sovereign immunity was not implicated and the court properly rejected the state's motion to dismiss on that basis.[9]

II

The state next claims that the court improperly denied its motion to dismiss because the plaintiff was not a traveler on a highway, bridge, or sidewalk that the state had a duty to maintain, and, therefore, the statutory waiver of sovereign immunity under § 13a-144 does not apply. More specifically, the state contends that the sidewalk upon which the incident allegedly occurred is not within the state highway system. The state additionally contends that the plaintiff never attained the status of a "traveler" upon a state highway system. We are not persuaded by either contention.

We begin by setting forth legal principles regarding the scope of the state's waiver of sovereign immunity under § 13a-144. "[A] highway defect is [a]ny object in, upon, or *near* the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position would be likely to produce that result . . . . *[T]he defect need not be a part of the roadbed itself*, however, objects which have no necessary connection with the roadbed or public travel, which expose a person to danger, not as a traveler, but independent of the highway, do not ordinarily render the road defective. . . .

"The defective condition must also exist in an area intended for public travel, or in an area that the public is invited or reasonably expected to traverse. . . . [If] the state either invites or reasonably should expect the public to use a particular area that is not directly in the roadway but that is a necessary incident to travel on the roadway, a defective condition therein may give rise to a cognizable action under the statute. . . . The fact that the defective condition is in an area where members of the public are likely, and in fact encour-

aged, to use is an important consideration." (Citations omitted; emphasis added; internal quotation marks omitted.) *Giannoni* v. *Commissioner of Transportation*, supra, 322 Conn. 359–60. Accordingly, the state's liability can extend to an area upon which members of the public likely will traverse incident to travel, even if the alleged defect is not located upon the highway itself.

In *Ferreira* v. *Pringle*, 255 Conn. 330, 766 A.2d 400 (2001), our Supreme Court concluded that the state could be held liable for a highway defect even though the alleged defect was located on the grassy embankment at the shoulder of the road, indicating: "To hold that a defect . . . must exist in the traveled portion of the highway would run counter to our decisions and lead to results bordering on the ridiculous. . . . If in the use of the traveled portion of the highway and, as incidental thereto, the use of the shoulders for the purposes for which they are there, a condition exists which makes travel not reasonably safe for the public, the highway is defective."[10] (Footnote added; internal quotation marks omitted.) Id., 344.

A

We first address whether the statutory waiver of sovereign immunity may apply even though the incident allegedly occurred adjacent to, as opposed to directly upon, the state highway. In light of the following facts and analysis, we conclude that the statutory waiver of sovereign immunity applies.

"To define in general terms the precise limits of the duty of [the commissioner] in these cases is not an easy matter . . . . Generally, the question . . . is one of fact, depending on a great variety of circumstances, and this court will find error [in its determination as to whether a highway defect could exist] only when the conclusion is one which could not be reasonably reached by the trier." (Citation omitted; internal quotation marks omitted.) *Giannoni* v. *Commissioner of Transportation*, supra, 322 Conn. 360.

In the present case, the state does not contend that the alleged defect needed to be located upon the highway pavement. Instead, the state argues that the statutory waiver of sovereign immunity does not apply because the state did not have a duty to maintain the sidewalk area in question. The state notes that its responsibility to maintain sidewalks extends only to the limited sidewalks upon which a statute confers such duty. As a general rule, the state contends, sidewalk maintenance falls within the duty of the municipality, not the state. See *Giannoni* v. *Commissioner of Transportation*, supra, 322 Conn. 357 n.16 ("[m]unicipalities, rather than the state, are generally responsible for maintaining most sidewalks, even those adjacent to state highways").

This aspect of the state's argument, however, as was

advanced before both the trial court and this court, largely is premised on its assertion that the manhole was in the sidewalk area, which the state did not have a duty to maintain. To the contrary, the plaintiff's notice alleges that the injury took place while the plaintiff was walking upon the manhole cover. It alleges that "she was caused to fall by her foot landing on an improperly placed or replaced manhole cover," which manhole cover the state would use to access the storm drain or catch basin located adjacent to the manhole cover, on Ocean Avenue. To invoke a statutory waiver of sovereign immunity, the plaintiff must "allege that he was a traveler on or user of the particular area, whether the vehicular portion of the highway or the sidewalk, which he claims to have been defective." *Tuckel* v. *Argraves*, 148 Conn. 355, 359, 170 A.2d 895 (1961). Thus, we agree with the court's determination that this case "is not a sidewalk maintenance case [but, instead,] is a state highway storm drain system maintenance case."

In support of her allegation that the state had a duty to maintain the manhole cover in question, the plaintiff counters that the manhole cover is located within the state's right-of-way line and, therefore, within an area upon which the state reasonably could expect pedestrians to traverse. Our courts have concluded that the state may be held liable for a highway defect that exists within the state's right-of-way line. See *Ferreira* v. *Pringle*, supra, 255 Conn. 349–51 (state liability applied to defect embedded within shoulder of road seven feet from paved area within state's right-of-way line); *Serrano* v. *Burns*, 248 Conn. 419, 427 n. 7, 727 A.2d 1276 (1999) ("[w]hether the place of injury is within the state right-of-way line is the threshold inquiry in determining the state's liability, if any, under § 13a-144"); *Baker* v. *Ives*, 162 Conn. 295, 301–302, 294 A.2d 290 (1972) (state liability applied to grass parking strip located within state right-of-way line between paved portion of highway and sidewalk, in which state invited public to park).

James F. Wilson, the transportation maintenance planner for the Connecticut Department of Transportation Bureau of Highway Operations, testified at his February 11, 2016 deposition that Ocean and Lee Avenues are unbounded, in that no survey or boundary markers delineate their boundaries. Although Wilson believed that the state was not responsible for sidewalk maintenance, he acknowledged that the state's right-of way-line likely extends to the stone wall behind the sidewalk. Accordingly, a question of fact remains as to the boundary within which the statutory waiver of sovereign immunity applies because the manhole cover in question is located between Ocean Avenue and the stone wall.

Moreover, Wilson agreed that both Ocean and Lee Avenues are state owned and maintained roads. He

testified that the manhole cover in question "serves the catch basin or storm drain which is located in the roadway on . . . Ocean Avenue." Wilson further testified that the manhole cover in question served as the means of access to the storm drain or catch basin. Additionally, Wilson agreed that "the sole purpose that this storm drain or catch basin exists is to service this state highway."

In light of the foregoing, the allegedly defective manhole cover is within the definition of "highway defect," pursuant to § 13a-144. The record reflects that the allegedly defective manhole cover is located near the traveled portion of the state highway, arguably within the state's right-of-way line, serves state owned and operated highways, and exists solely to service the state highway. On these facts, we reject the state's contention that the statutory waiver of liability does not apply as a matter of law.

B

We next address the state's contention that sovereign immunity applies because the plaintiff was not a "traveler" under § 13a-144. On this point, the state argues that the scope of its liability turned not only on whether an alleged highway defect is located within the state's right-of-way line, but also on whether the plaintiff had obtained traveler status prior to the alleged injury. We conclude that the plaintiff could be considered a "traveler" on the highway.

"It is settled law that the statutory right of action [under § 13a-144] is given only to a traveler on the road or sidewalk alleged to be defective. . . . A person must be on the highway for some legitimate purpose connected with travel thereon in order to obtain the protection of the statute. . . .

A person may, under some circumstances, traverse areas adjacent to the conventionally traveled highway while maintaining his status as a traveler entitled to bring action under § 13a-144. . . . Travel over such areas may fall within the purview of § 13a-144 when it is incidental to travel over the highway . . . and for a purpose connected with travel thereon . . . ." (Citations omitted; internal quotation marks omitted.) *Giannoni* v. *Commissioner of Transportation*, supra, 322 Conn. 351–52.

In *Giannoni*, our Supreme Court concluded that the plaintiff bicyclist retained his status as a traveler on a highway when he moved from the shoulder of the road to the adjacent sidewalk and was injured while traversing a stream culvert located nine feet from the paved shoulder of the road, which culvert collected and removed water from under the highway, because his travel thereon was "incidental" to and "for a purpose connected with" his travel over the highway. Id., 353–54. The court reasoned that it was "undisputed that [the

bicyclist] was traveling over the sidewalk immediately before he fell into the culvert. This fact alone, however, does not preclude a jury from finding that his travel over the sidewalk, driveway, and small patch of grass, was *incidental to* and *for a purpose connected with* his travel over [the highway]." (Emphasis added.) Id., 356; see also *Ferreira* v. *Pringle*, supra, 255 Conn. 352 (bus passenger disembarking onto grassy embankment adjacent to highway retained traveler status because disembarking from bus was in connection with purposes of public travel); *Serrano* v. *Burns*, supra, 248 Conn. 423–26 (court improperly granted summary judgment for state when jury properly could find that plaintiff's use of parking lot was incidental use of highway and for purpose connected with travel thereon).

The state attempts to distinguish the present case from *Giannoni*, *Ferreira*, and *Serrano* by arguing that the plaintiff was a pedestrian traveling locally, by foot, and had not ventured incidentally onto the sidewalk, as she had not first stepped foot onto the highway. Accordingly, the state contends that the plaintiff's travel was not for a purpose connected with travel over a state roadway. Although the plaintiffs in *Giannoni*, *Ferreira*, and *Serrano* each were injured during a detour from their travel upon a highway, we do not read our precedent so narrowly as to preclude recovery from a traveler who was injured on an area adjacent to a public sidewalk and state highway prior to traversing that highway.

It is notable that the plaintiff, at her deposition, testified that it was her intention to cross the intersection in question. Additionally, the plaintiff's notice alleges, in relevant part, that at the time of the alleged incident she was walking "towards and/or onto Ocean Avenue . . . and/or upon the sidewalk located at the northeast side of the intersection of Ocean Avenue and Lee Avenue . . . ." Similarly, the plaintiff's operative complaint alleges that at the time of the alleged incident she was "proceeding on foot towards and/or upon Ocean Avenue, or the sidewalk located at the northerly side of the intersection of Lee Avenue and Ocean Avenue." A finder of fact reasonably could conclude that her travel was incidental to and for purposes of travel upon the highway. See *Giannoni* v. *Commissioner of Transportation*, supra, 322 Conn. 351–52 (travel upon sidewalk did not preclude finding that plaintiff was a traveler for purposes of bringing suit under § 13a-144). Because we conclude that the state may be held liable for injuries occurring in an area adjacent to a state highway and that a fact finder reasonably could conclude that the plaintiff was a traveler upon a state highway, the court properly denied the state's motion to dismiss on that basis.

The judgment is affirmed.

In this opinion, the other judges concurred.

[1] General Statutes § 13a-144, which serves as a waiver of the state's sovereign immunity for monetary claims seeking recovery for injuries caused by highway defects, provides in relevant part: "Any person injured in person or property through the neglect or default of the state . . . by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner . . . ."

[2] Although the plaintiff's operative complaint named both the state and the city of New London (city) as defendants, the action later was withdrawn as to the city, and, therefore, any reference to the defendant is to the state only.

[3] "Although the denial of a motion to dismiss generally is an interlocutory ruling that does not constitute an appealable final judgment, the denial of a motion to dismiss filed on the basis of a colorable claim of sovereign immunity is an immediately appealable final judgment." *Filippi* v. *Sullivan*, 273 Conn. 1, 6 n.5, 866 A.2d 599 (2005).

[4] The plaintiff's factual allegations were set forth in her notice and operative complaint. The state did not answer these factual allegations but, instead, as discussed later in this opinion, filed several motions in response.

[5] Hanser filed a motion to strike counts three and four of the plaintiff's revised complaint, arguing that the common-law claims set forth therein were not legally cognizable causes of action because § 13a-149 provides the plaintiff's sole basis for relief. The court agreed with Hanser and, accordingly, granted his motion to strike on August 14, 2015.

[6] Other types of undisputed evidence that a trial court may consider in deciding a motion to dismiss includes deposition testimony submitted in support or opposition thereto. *Dorry* v. *Garden*, 313 Conn. 516, 522-23, 98 A.3d 55 (2014).

[7] The location of the manhole cover is most clearly depicted in the plaintiff's exhibits 1 and 2, which may be found at pages A-50 and A-51 of the appendix to the plaintiff's brief on appeal.

[8] James F. Wilson, a transportation maintenance planner for the Connecticut Department of Transportation Bureau of Highway Operations, testified in his deposition on February 11, 2016, that Lee Avenue ends at the "southwest side" of the intersection, in other words, where it meets Ocean Avenue. He explained: "Lee Avenue isn't a four way intersection, so it's only a three way. It's a three way intersection. . . .

"[F]or all intents and purposes, if you took a string from the corner of this intersection on the northeast side and you went over here to the southwest side and you pulled the string across taut, that's . . . where the road ends and where it starts."

[9] In its memorandum of decision, the trial court stated that because the notice is not defective as a matter of law, the adequacy of the notice is a question to be determined by the trier of fact in this case. In reaching that conclusion, the trial court understandably relied on the following language contained in at least two decisions of our Supreme Court: "Unless a notice, in describing the place or cause of the injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the particular case." *Filippi* v. *Sullivan*, supra, 273 Conn. 9; *Lussier* v. *Department of Transportation*, supra, 228 Conn. 354. Both *Filippi* and *Lussier* rely on identical language contained in a 1947 decision by the Supreme Court in *Morico* v. *Cox*, 134 Conn. 218, 56 A.2d 522 (1947), for this principle.

We take this opportunity to express our concern that *Morico* is unclear on whether the adequacy of the plaintiff's notice is a question for the jury in every case. *Morico* involved an action brought by a plaintiff who was injured on a state highway. Id., 219. The plaintiff in *Morico* asserted claims against the state pursuant to two different statutes, both of which contained a similar notice requirement to the one contained in § 13a-144. Id., 220.

First, the plaintiff in *Morico*, like the plaintiff here, asserted a defective state highway claim pursuant to General Statutes § 1481, the predecessor statute to § 13a-144. Id. Second, the plaintiff asserted a claim pursuant to General Statutes § 1419, as amended by § 301g of the 1943 Supplement. Id. This provision mandates that state highways and bridges have sufficient

railings, and authorizes an injured party to bring an action against the state for harm caused by a defective or missing railing. Unlike § 1481, however, § 1419 as amended, contains a savings clause that provides: "No notice given under the provisions of this section shall be invalid or insufficient by reason of any inaccuracy in describing the injury, or in stating the time, place or cause of its occurrence if it appears that there was no intention to mislead or that [the state] was not misled thereby." See also General Statutes § 13a-149.

Although *Morico* is less than clear, the decision may be read as holding that the legal sufficiency of the notice required by these statutes is a question of law for the court and the jury's role in assessing the notice is implicated only in cases brought pursuant to statutes that contain a savings clause. As noted previously in this opinion, § 13a-144 does not contain a savings clause. See also General Statutes § 13a-149 (defective municipal roads and bridges). Because the adequacy of the notice in an action brought pursuant to § 13a-144 implicates the doctrine of sovereign immunity, it seems somewhat anomalous to ask the jury to adjudicate an issue that, as a matter of logic, should be decided definitively long before a trial commences. See, e.g., *Rodriguez* v. *State*, 155 Conn. App. 462, 469 n.7, 110 A.3d 467 ("[O]ur Supreme Court has recently recognized that, unlike unresolved factual issues concerning a governmental immunity claim, which can be decided by a jury, immunity from suit on the basis of sovereign immunity implicates subject matter jurisdiction and should be resolved prior to trial. *Edgerton* v. *Clinton*, 311 Conn. 217, 227 n.9, 86 A.3d 437 (2014)."), cert. granted, 316 Conn. 916 (2015) (appeal withdrawn December 15, 2015). Although we need not wander into this thicket at this stage in the proceeding, we suggest that this issue warrants further examination in the future.

[10] *Ferreira* addressed the state's liability under General Statutes § 13a-149, which affords a right of recovery similar to that under § 13a-144 and is subject to the same limitations. Id., 348 n.13.